SHAMBAUGH et al. v. SCOFIELD, Collector of Internal Revenue, et al.

No. 10298.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1942.

Rehearing Denied Feb. 4, 1943.

346

Fred W. Moore, of Houston, Tex., for appellants.

Earl C. Crouter and Sewall Key, Sp. Assts. to Atty. Gen., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Ben F. Foster, U. S. Atty., and J. M. Burnett, Asst. U. S. Atty., both of San Antonio, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

This suit was instituted to enjoin a Collector of Internal Revenue from selling, under warrant of distraint, Texas homestead realty owned by Scott Shambaugh, and his wife Annie, to satisfy unpaid income tax assessments against the Shambaughs for the year 1930. The appeal is from a judgment below denying the injunction.

Appellants assert that under Art. 16, Sec. 50, of the Texas Constitution, Vernon's Ann.St., their homestead realty is immune from forced sale to satisfy an income tax lien. This contention is untenable. It is unnecessary to explore at length the interesting historical background of this contention, involving the terms of the "annexation" of Texas to the Union in 1845. Texas, like other States, occupies her place in the Union subject to the paramount authority of the United States under the Sixteenth Amendment to lay and collect taxes on incomes. The Federal statute authorizes the seizure and sale of real estate to satisfy unpaid income taxes when sufficient personalty is not found. 26 U.S.C.A. Int.Rev.Code, § 3700. Homesteads are not exempted. 26 U.S.C.A. Int.Rev. Code, § 3691. These statutes, enacted to effectuate a constitutional power, are the supreme law of the land. If they are in conflict with State law, constitutional or statutory, the latter must yield. United States v. Greenville, 4 Cir., 118 F.2d 963, 965. Cf. McCulloch v. Maryland, 4 Wheat. 316, 436, 4 L.Ed. 579. The Courts of Texas reached the same conclusion upon this precise question. Staley v. Vaughn, Tex.Civ. App., 50 S.W.2d 907.

Minor unmarried children living with the taxpayers as a part of their family, and against whom no tax is assessed, also join in the suit and assert that as to them the Collector's action is arbitrary and capricious, amounting to an illegal confiscation of the children's property rights in the homestead to satisfy the tax debt of their parents.[1] The Courts of Texas hold that a homestead cannot exist in a remainderman so long as the particular estate is undetermined. For the purpose here under consideration, a child's homestead rights do not attach prior to the death of his parents. Until then, a child has no possessory interest. He has only an expectancy or contingent interest, which may be lost through the acts of his parents. Greenawalt v. Cunningham, Tex.Civ.App., 107 S.W.2d 1099; Johnson v. Prosper Bank, Tex.Civ.App., 125 S.W.2d 707, affirmed 134 Tex. 677, 138 S.W.2d 1117. As these parents are living, the minor children have no such present interest in the homestead as would justify the issuance of the injunction sought. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, relied upon by appellants as authority for equitable relief, is wholly unlike this case. There, the tax itself was illegal and its assessment unauthorized. Here, the validity of the tax is conceded. Only the method of its collection is challenged.

Appellants further assert that the tax in question is barred by the six-year statute of limitation, 26 U.S.C.A. Int.Rev.Code, § 3312(d), and that they are financially unable to pay the tax and sue to recover it. They contend that together these circumstances constitute a case of illegality, coupled with extraordinary circumstances, justifying injunctive relief, notwithstanding 26 U.S.C.A. Int.Rev.Code, § 3653(a)[2] and 28 U.S.C.A. § 384.[3]

Because of their asserted inability to pay, the Shambaughs submitted three offers of compromise, each containing waivers and extensions of limitation agreements which,

---

[1] Cf. Hubbard Inv. Co. v. Brast, 4 Cir., 59 F.2d 709; Long v. Rasmussen, D.C., 281 F. 236; Pool v. Walsh, 9 Cir., 282 F. 620; Trinacia Co. v. Clarke, D.C., 34 F.2d 325; Lion Co. v. Anderson, 10 Cir., 62 F.2d 325.

[2] " * * * No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." (Rev.Stat. § 3224.)

[3] "Suits in equity shall not be sustained * * * in any case where a plain, adequate, and complete remedy may be had at law."

if valid, would extend the limitation period to July 11, 1941, according to appellants' computation. The Collector gave notice of distraint on June 5, 1941. This suit was brought June 30, 1941.

The first waiver, signed by all parties, extended the limitation period to September 28, 1939. Appellants assert that the subsequent waivers were ineffectual because executed only by the taxpayers, and not by the Commissioner of Internal Revenue, so that the extensions subsequent to September 28, 1939, were not "agreed upon in writing by the Commissioner and the taxpayer," as required by the statute, 26 U.S.C.A. Int.Rev.Code, § 276(c).

■ The statute does not require that the "agreement" shall be embodied in one writing, nor evidenced alone by the formal extension agreement tendered by the taxpayer nor does it prescribe the time within which the Commissioner's assent thereto must be evidenced. No particular formula of words is necessary. The sole requirement is that the agreement be "in writing". Any writing, formal or informal, if made for the purpose of evidencing the Commissioner's approval, and from which his approval may be gathered by reasonable inference, is sufficient.[4] The statutory provision requiring a written agreement is for administrative purposes,—not to convert into a contract what is essentially a voluntary unilateral waiver of a defense by the taxpayer.[5] In construing such waivers, the intention of the parties is an important factor.[6]

■ The taxpayers intended, and all parties understood, that the waivers were submitted in aid, and as a part of, the taxpayers' efforts to effect a compromise adjustment of the tax, and that the purpose of the waivers was to suspend the running of the statute while the offers were under consideration. It was certainly not contemplated that while the taxpayers negotiated to better their position the statute should continue to run, so that even though the compromise offers were rejected collection of the tax would be barred by limitation.

The compromise offers were considered on the merits and were rejected by letters signed by the Commissioner, stating in effect that "careful consideration has been given the offer and supporting data." These rejection letters relate to, and are to be considered in connection with, the offers which contained the waivers. They constitute presumptive proof of the Commissioner's agreement to the waivers, unless overcome by countervailing evidence, which is here lacking.[7] Had the Commissioner formally signed the waivers themselves, the taxpayers could have gained nothing more. Having had full advantage of the waivers, the taxpayers should not now be heard to repudiate them unless they were clearly inoperative. In the circumstances here presented, we hold the waivers sufficient to satisfy the requirements of the statute and effective to toll the statute of limitation beyond the date of distraint.[8]

As no basis for injunctive relief is established, the judgment is affirmed.

[4] Stearns Co. v. United States, 291 U. S. 54, 54 S.Ct. 325, 78 L.Ed. 647; 78 L.Ed. 647.

[5] Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335; Florsheim Bros. Dry Goods Co. v. United States, 280 U.S. 453, 50 S.Ct. 215, 74 L. Ed. 542.

[6] United States v. Havner, 8 Cir., 101 F.2d 161; Helvering v. Ethel D. Co., 63 App.D.C. 157, 70 F.2d 761, 762.

[7] Stearns Co. v. United States, 291 U. S. 54, 54 S.Ct. 325, 78 L.Ed. 647, headnotes 4 and 5.

[8] Parker Co. v. Com'r, 5 Cir., 49 F.2d 254; McCarthy Co. v. Com'r, 9 Cir., 80 F.2d 618; Moses v. United States, D. C., 43 F.2d 653, affirmed, 2 Cir., 61 F.2d 791, certiorari denied 289 U.S. 743, 53 S.Ct. 689, 77 L.Ed. 1490; Riverside Mills v. United States, 11 F.Supp. 134, 81 Ct. Cl. 610, certiorari denied 296 U.S. 624, 56 S.Ct. 148, 80 L.Ed. 444; United States v. Havner, 8 Cir., 101 F.2d 161. Contra S. S. Pierce Co. v. United States, 1 Cir., 93 F.2d 599.

In Com'r v. United States Ref. Corp., 3 Cir., 64 F.2d 69, 70, relied upon by appellants, affirmed by an equally divided Court, 290 U.S. 591, 54 S.Ct. 94, 78 L. Ed. 521, it was pointed out that the Commissioner did not sign the waiver, "or any other writing in relation to it".