UNITED STATES of America,
Plaintiff,

v.

Joel NEWMAN, Defendant.

Civ. No. 66–48–Civ.

United States District Court
S. D. Florida.

March 14, 1967.

Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., and Sherin V. Reynolds, Tax Division of the Department of Justice, Washington, D. C., for plaintiff.

Sidney Poller, Boca Raton, Fla., for defendant.

### OPINION AND FINAL SUMMARY JUDGMENT

FULTON, Chief Judge.

This is an action by the Government, which seeks to reduce to judgment certain assessed income tax claims, against the Defendant, Joel Newman. Both sides have moved for summary judgment. All of the facts have been agreed to and are the subject of a pre-trial stipulation entered into on September 30, 1966 and filed in this cause. Thus there is no genuine issue of material fact. The

only question is one of law, namely whether this action was timely filed. The result depends upon the construction to be given to certain waivers of the statute of limitations which are embodied in waiver agreements and in a series of offers in compromise.

The assessments were made for the calendar years and in the amounts below:

| Item | Calendar Year | Assessment Date | Outstanding Balance |
|------|---------------|-----------------|---------------------|
| 1 | 1943 (amended return) | 11–21–45 | –0–* |
| 2 | 1944 (amended return) | 11–21–45 | $ 60,539.89 |
| 3 | 1944 (audit) | 9–12–47 | 41,158.05 |
| 4 | 1945 (return) | 5–22–46 | 48,576.39 |
| | | TOTAL | $150,274.33 |

*Assessed liability paid in full, but accrued interest from date of assessment to date of payment still due.

---

Section 6502 of the Internal Revenue Code provides a six year statute of limitations for the enforcement of an income tax assessment by court proceedings. Such statutory period may be *extended* by written agreement between the Secretary or his delegate and the taxpayer made prior to the running of the six year period.

Running of the statutory period of limitations is *suspended* by the taxpayer's submission of an offer in compromise for the period during which such offer is pending and one year thereafter.

The following chronology affects computation of the limitations period in this case:

11–12–46   Offer in compromise, which was rejected on 9–17–47 (Items 1–4)

5–2–51   Waiver agreement, extending collection period through 12–31–55 (Items 1, 2 and 4)

11–14–52   Waiver agreement, extending collection period through 12–31–56 (Item 3 only)

6–23–53   Offer in compromise, which was rejected on 6–9–54 (Items 1–4)

7–23–54   Offer in compromise, which was rejected on 6–6–60 (Items 1–4)

6–6–61   Offer in compromise, which was rejected on 7–14–61 (Items 1 and 2 only)

6–7–62   Offer in compromise, which was rejected on 4–14–64 (Items 1–4)

---

This action was filed on January 20, 1966.

By virtue of each of the waiver agreements described above, the taxpayer waived the benefit of the statute of limitations until a date certain, thus extending the limitations period until that date. Since the running of the statute of limitations was *suspended* by the offers in compromise until after each extension date specified by the taxpayer in his waiver agreements, these waiver

agreements are of no consequence in the computation of the limitations period.

Thus as to Items 1 and 2, the period began to run on November 21, 1945 and continued to run until November 12, 1946, a period of 356 days. There then remained a period of five years and nine days when the period again began to run on September 17, 1948. Limitations ran from September 17, 1948 until June 23, 1953, leaving 95 days remaining. From June 23, 1953 until June 14, 1965 there were a series of offers in compromise which suspended the operation of the statute during that period. One year from the rejection of the last offer, limitations again began to run, and the statutory period expired 95 days thereafter, on July 18, 1965. Hence as to Items 1 and 2, this action is time-barred.

As to Item 3, limitation began to run on September 17, 1948 and continued to run until June 23, 1953, a period of four years, 278 days. When the statute again commenced to run on June 6, 1961, there remained one year, 87 days of the statutory period. Limitation again ran until June 7, 1962, leaving 86 days remaining. One year from rejection of the last offer, the last 86 days began to run, so that the statutory period expired on July 10, 1965. Hence as to Item 3, the action is likewise time-barred.

Similar calculation will show that Item 4 is time-barred as well.

■ In attempting to show that enforcement of these assessments is not barred, the Government would calculate the limitations period in a different manner. The Government reads the waiver provision in the offers in compromise as though the taxpayer had agreed to *extend* the period by the number of days during which the Government considered the offer, *plus* 365 additional days. Accordingly, it would calculate separately each interruption of the statute, adding the pendency of each offer plus one year for each such offer as though the offers were made at least one year after rejection of the previous offer. Thus, for example, the Government would consider the offer submitted on June 23, 1953 and rejected on June 9, 1954 as extending the limitations period for the number of days between June 23, 1953 and June 9, 1955, although the taxpayer submitted another offer in compromise in the interim, on July 23, 1954. By using this method of calculation, all four items would not have been barred. However this is not the way the waiver reads.

■ The conclusion herein is supported by the well reasoned opinion in United States v. Morgan, where that Court stated:

"[t]he purpose of such provision for suspension of the statutory time is to permit the Government to have ample opportunity to consider the offer in compromise, without concern over the delay. United States v. Havner, 8th Cir., 101 F.2d 161; Shambaugh v. Scofield, 5th Cir., 132 F.2d 345. The provision—no doubt prepared by the Internal Revenue Service for its own benefit—is indeed a generous one. There is much reason for a suspension of the statute while an offer is being considered, and for perhaps one year thereafter; but when that offer has finally been rejected, there seems little reason to say that if a second offer is made, the Government may have the benefit of a longer suspension period than is provided for in such second offer." United States v. Morgan, 213 F.Supp. 137 at 140 (S.D.Tex., 1962).

While applying the *Morgan* method, this Court is not unmindful of the *Bosk* alternative. [United States v. Bosk, 180 F.Supp. 869 (S.D.Fla.1960)]. But this Court finds that the Act is more logically implemented by *Morgan*. In the instant case the Government had twenty years in which to enforce these assessments. Thereupon, it is,

Ordered and adjudged as follows:

1. Defendant's Motion for Summary Judgment be and the same is hereby granted.

2. Plaintiff shall have and recover nothing by its suit, and go hence without day.