**UNITED STATES of America,
Plaintiff,**

v.

**Stoy DECKER, Defendant.**

**Civ. A. No. 7013.**

United States District Court,
W. D. Kentucky,
Louisville Division.

Feb. 23, 1972.

George J. Long, U. S. Dist. Atty., Louisville, Ky., for plaintiff.

Stoy Decker, pro se.

## MEMORANDUM OPINION

ALLEN, District Judge.

The defendant, Stoy Decker, who is without counsel, has moved the Court to set aside the summary judgment entered on December 29, 1971. He has also moved the Court to appoint counsel for him, although he did not make such a motion when he was originally served with process and filed his answer.

 28 U.S.C.A. § 1915, Subsection (d), authorizes the Court to request an attorney to represent any person who is unable to employ counsel. As is apparent from the language employed by the statute, the power conferred upon the Court is discretionary and not mandatory. In the case at bar the defendant chose to represent himself and did not ask the Court for the appointment of counsel until almost six months after the complaint had been filed and after a summary judgment had been rendered in favor of the plaintiff. The Court therefore denies the request for the appointment of counsel.

The defendant in his motion to set aside the judgment has raised for the first time the contention that the United States is barred by the statute of limitations from prosecuting this action against him. Such a motion, of course, should have been raised in the defendant's answer pursuant to Rule 12(b). The motion to set aside the judgment should have been made within ten days after its entry on December 29, 1971, and the defendant failed to comply with Rule 59(b) and 59(e) in that respect.

 The Court, however, takes cognizance of the fact that the defendant is not learned in the subtleties of the law and that the purpose of the Rules of Civil Procedure as set out in Rule (1) is to secure the just, speedy and inexpensive determination of every action. Therefore, the Court has closely scrutinized the claim of the United States and the affidavits and papers on record to ascertain whether the claim is in fact barred by the terms of Title 26 U.S.C.A. § 6502. The Court has come to the conclusion that the claim is not barred by the statute of limitations and that the summary judgment previously entered should remain in full force and effect and the

motion to set aside the judgment be overruled.

The facts which lead to this conclusion are as follows:

On May 11, 1962, the plaintiff filed its notice of assessments against the defendant. On September 5, 1962, the defendant made an offer in compromise to the plaintiff. This offer in compromise was refused on October 25, 1962. On January 17, 1969, the defendant made a new offer in compromise and this offer was rejected on March 4, 1970. On May 7, 1970, the defendant made a third offer in compromise. The record does not show when it was rejected, or if it was rejected. On July 29, 1971, the plaintiff filed this action.

Title 26 U.S.C.A. § 6502(a) provides:

"Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release).

The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer."

Each of the offers made by the defendant was made on Treasury Form 656 and provides as follows:

"The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for one year thereafter."

The courts are not in complete harmony as to the proper interpretation of the statute in the waiver provisions. Compare, for example, United States v. Morgan, 213 F.Supp. 137 (S.D.Tex., 1962), with United States v. Bosk, 180 F.Supp. 869 (S.D.Fla., 1960). However, taking the view most favorable to the taxpayer as set out in the case of United States v. Newman, 265 F.Supp. 540 (D. C.Fla., 1967), affirmed in United States v. Newman, 405 F.2d 189 (5th Cir., 1968), the following observations are in order. The statute of limitations began to run on May 11, 1962, and ran for 117 days until September 5, 1962, when the first offer in compromise was received. The running of the statute was then suspended from September 5, 1962, to October 25, 1963, that date being one year after the first offer in compromise was rejected. Limitations then commenced to run on October 25, 1963, and ran until January 17, 1969, when the second offer in compromise was received. The second period of the running of the statute was for five years and 84 days, which added to the first period of 117 days made a total of five years and 201 days which had run as of January 17, 1969. As the second offer in compromise was rejected on March 4, 1970, the statute, in the absence of a third offer in compromise, would have started to run again on March 4, 1971. However, the defendant made a third offer in compromise on May 7, 1970. We are not able to determine the date that this compromise was rejected, but if we assume for the purposes of discussion only that the third offer in compromise was rejected forthwith by the Government, the statute still did not start to run again until May 7, 1971. Again as-

**522**

suming that the statute did begin to run on May 7, 1971, this would involve the period between May 7, 1971, and July 29, 1971, or 83 days, which if added to the previous running of the statute of five years and 201 days gives a total of five years and 284 days.

It follows from the above computations that the United States has brought this action timely and that the summary judgment previously entered by the Court should not be set aside. Therefore, the United States may tender an order overruling the motion of the defendant.