ROY U. SCHENK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schenk v. Commissioner
Docket No. 1249-75.
United States Tax Court
T.C. Memo 1976-363; 1976 Tax Ct. Memo LEXIS 39; 35 T.C.M. (CCH) 1652; T.C.M. (RIA) 760363; November 30, 1976, Filed *39 Petitioner executed a special consent (Form 872-A) extending the period of limitation on assessment but altered it by providing that the consent would terminate upon notice by him to the Commissioner. Petitioner did not attempt to mislead the Internal Revenue Service. An appellate conferee accepted the consent on behalf of of the consent and a statutory notice was subsequently mailed to petitioner. Held, respondent failed to prove circumstances of acceptance by the appellate conferee and the consent agreement between the parties will not be reformed to change the terms appearing on its face. Assessment of additional tax is, therefore, barred by expiration of period of limitation on assessment. Roy U. Schenk, pro se. Joseph R. Peters, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in income tax against petitioner for the taxable years 1969 and 1970 in the amounts of $280.11 and $900.34, respectively, and additions to tax for those years under the provisions of section 6653(a) [1] of the Internal Revenue Code of 1954, as amended, 2n the respective amounts of $63.26 and $45.02. Petitioner claimed an overpayment of $250.85 for the taxable year 1969. The issues presented for decision are: (1) whether assessment of additional income tax and additions to tax *41 for both years is barred by expiration of the period of limitations on assessment; and, if not, (2) whether petitioner is entitled to claim as dependency exemptions four soldiers who served in the war in Viet Nam; (3) whether petitioner furnished over one-half of the support of his four children to entitle him to claim them as dependents; (4) whether petitioner is entitled to deduct $10,497 on his income tax return for 1970 as a war protest; (5) whether deductions claimed by petitioner as job-seeking expenses are deductible as ordinary and necessary business expenses; and (6) if the Court should find that petitioner underpaid his tax, whether such underpayment was due to negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated by reference. Only the facts necessary to an understanding of the issues decided will be set out herein. Petitioner resided in Madison, Wisconsin when he filed his petition. He filed his original Federal *42 income tax return for the taxable year 1969, his amended return for that year and his return for the taxable year 1970 with the Midwest Service Center of the Internal Revenue Service at Kansas City, Missouri. A statutory notice of deficiency was mailed by the Commissioner to petitioner on November 22, 1974 covering the taxable years 1969 and 1970. That statutory notice gave rise to this proceeding and was executed on behalf of the Commissioner by the Chief of the Appellate Branch Office of the Assistant Regional Commissioner, Appellate. Such notices of deficiency issued by the appellate division, as distinguished from those issued by the district director, result from the failure of negotiations between the taxpayer and the appellate division to resolve differences as to the taxpayer's correct tax liability. Before petitioner's return for 1969 was before the appellate division petitioner was negotiating with the district director's office. On March 27, 1973 petitioner executed a "Consent Fixing Period of Limitation Upon Assessment of Income Tax" (Form 872), extending until December 31, 1973 assessment of additional tax for the taxable year 1969. That consent was executed on *43 April 3, 1973 on behalf of the district director by the chief of the review staff. Some time prior to October 4, 1973, petitioner executed an additional Form 872 extending the period of limitations as to the taxable year 1969 to June 30, 1974, and before transmitting the form to the district director's office, he inserted the following language on the Form 872: This consent is restricted to the disputed issues, namely: house depreciation, number of dependents, job hunting expenses and alleged fraud. On October 4, 1973 the district director's office returned the consent Forms 872 to petitioner accompanied by the following letter: Mr. Roy U. Schenk, 516 South Orchard Street, Madison, Wisconsin 53715 Dear Mr. Schenk: The signed Consent Forms, 872, which you recently submitted to my office are returned without execution because the restrictions you have incorporated into the consent are not acceptable. New Forms 872 are enclosed in the event you wish to execute consents without such restrictions. By extending the limitation period, you will have time, if you choose, to present your views at conferences at District and Regional levels. If signed, unaltered consents *44 are not returned within the next ten days, we will assume that you do not desire a District Conference or Appellate Hearing, and will issue the Statutory Notice of Deficiency required by Section 6212 of the Internal Revenue Code. Very truly yours, /s/ P. E. Coates P. E. Coates District Director Enclosures - Old Forms 872 New Forms 872 Envelope On October 9, 1973, petitioner executed a consent Form 872 which was unaltered. The chief of the review staff executed the consent on behalf of the district director on October 11, 1973. Such consent extended the period of limitations on assessment of additional income tax for the taxable year 1969 to June 30, 1974. The "jurisdiction" for consideration of petitioner's income tax return for 1969 was transferred from the district director's office to the appellate division which also acquired "jurisdiction" over petitioner's return for the taxable year 1970. Subsequent to October 3, 1973 and before February 22, 1974, the appellate division tendered to petitioner "Special Consent Fixing Period of Limitation Upon Assessment of Tax," Form 872-A, covering the taxable years 1969 and 1970. When tendered to petitioner *45 the printed forms contained the following language: That the (amounts) of any Federal income tax due under any (returns) made by or on behalf of the above-named (taxpayers) for the tax (years) ended December 31, 1969 and December 31, 1970 under existing or prior revenue acts, may be assessed at any time on or before the 90th day after (1) mailing by the Internal Revenue Service of written notification to the (taxpayers) of termination of Appellate Division consideration, or (2) receipt by the Regional Appellate Division branch office considering the case of written notification from the (taxpayers) of election to terminate this agreement, except that if in either event a statutory notice of deficiency in tax for any such (years) is sent to the (taxpayers), the running of the time for making any assessment shall be suspended for the period during which the making of an assessment is prohibited and for 60 days thereafter. * * * Petitioner executed the Forms 872-A on February 22, 1974, and at that time altered all copies of the form by erasing the "9" in "90th day" and by typing in a zero, thereby changing all copies of the form to read as follows: That the (amounts) of any *46 Federal income tax due under any (returns) made by or on behalf of the above-named (taxpayers) for the tax (years) ended December 31, 1969 and December 31, 1970 under existing or prior revenue acts, may be assessed at any time on or before the 00th day after (1) mailing by the Internal Revenue Service of written notification to the (taxpayers) of termination of Appellate Division consideration, or (2) receipt by the Regional Appellate Division branch office considering the case of written notification from the (taxpayers) of election to terminate this agreement, except that if in either event a statutory notice of deficiency in tax for any such (years) is sent to the (taxpayers), the running of the time for making any assessment shall be suspended for the period during which the making of an assessment is prohibited and for 60 days thereafter. * * * Petitioner returned the Forms 872-A to the appellate division and did not advise anyone of the alteration because he assumed that if the appellate division would not accept the Form 872-A as altered, that it would be returned to him.He did not attempt to mislead the Internal Revenue Service. Mr. Ernest A. Kukla, an appellate conferee, *47 on February 26, 1974, executed the Forms 872-A received from petitioner on behalf of the Commissioner pursuant to authority delegated to him, and returned to petitioner a copy which was executed by both petitioner and Mr. Kukla. That copy retained the alteration of "90th" to "00th." On September 26, 1974, petitioner advised the appellate division by letter that he had elected to terminate the special consent as to 1969 and 1970 and receipt of his election to terminate the consent was acknowledged on behalf of the appellate division on the same date. OPINION Section 6501(a) of the Code provides (with certain exceptions not material here) that income tax shall be assessed within three years after the return was filed.Section 6501(b)(1) provides that, for the purposes of section 6501, a return filed before the due date shall be considered as being filed on the date it is due. Accordingly, the period of limitation during which income tax could be assessed against petitioner (absent extensions of time) for the taxable year 1969 expired on April 15, 1973, and for the taxable year 1970, it expired on April 15, 1974. The statutory notice of deficiency covering 1969 and 1970 was mailed *48 to petitioner on November 22, 1974. Section 6501(c)(4) of the Code provides that the period of limitation will not expire until a date that the taxpayer and the Secretary of the Treasury or his delegate agree upon in writing if such agreement is made before the period is due to expire. The parties do not dispute the fact that by written agreement (Form 872) they extended the period of limitation for the taxable year 1969 to June 30, 1974. Beyond June 30, 1974 the parties do not agree upon the expiration of the period of limitation on assessment. When the taxpayer makes a prima facie case by alleging that assessment is barred by expiration of the period of limitation on assessment by proving the filing date of the return, the Commissioner must go forward with countervailing proof to show that for some reason the period of limitation had not expired when the Commissioner issued his statutory notice of deficiency. The petitioner's burden is discharged by introducing the returns in evidence. Farmers Feed Co.,10 B.T.A. 1069 (1928); Bonwit Teller & Co.,10 B.T.A. 1300 (1928); T.W. Warner Co.,19 B.T.A. 872 (1930); Samuel G. Robinson,57 T.C. 735 (1972). *49 The parties here stipulated the income tax returns and the respondent in his answer alleged that they were timely filed. The Commissioner's burden of going forward with the proof is discharged by introducing into evidence a consent, valid on its face, which extends the period of limitation for assessment up to the date of mailing of the statutory notice of deficiency. Concrete Engineering Co.,19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932). The controversy centers around the special consent Form 872-A described in detail in our findings of fact. If that form were effective to extend the period of limitation on assessment until 90 days after receipt of notice of termination by petitioner, then respondent has sustained his burden of proof. If not, the period of limitation expired before the statutory notice was mailed. The forms were prepared by the appellate division and tendered to petitioner, providing for an extension of time until 90 days after notification by petitioner that he elected to terminate the period of limitation on assessment. Petitioner altered the forms by erasing and typing in a zero which changed the 90-day period to *50 no period at all and the appellate conferee executed the forms in their altered state and returned an executed copy to petitioner. Petitioner had previously altered a consent Form 872 by typing in language of restriction which the district director's office refused to accept.When petitioner altered the special consent Form 872-A he did not advise the appellate division of the alteration because he assumed that if it were not acceptable, it would be returned to him. The trial in this case consisted of two hearings, one at which the appellate conferee, Mr. Kukla, testified that he executed the special consent Form 872-A on behalf of the Commissioner. Mr. Kukla was not called as a witness in the subsequent hearing. The issue is simply one of fact, "hornbook" contract law and burden of proof. Petitioner executed and offered to respondent a special consent Form 872-A in an altered state. Respondent accepted it in the altered state but now contends that the offer of petitioner be amended to conform to the unaltered state of the Form 872-A. Respondent's position has no merit. A contract, to be valid, must embody the intent of the parties. Petitioner never intended to grant respondent *51 the 90-day notice period he sought. We do not know what was the state of Mr. Kukla's mind when he executed the Form 872-A on behalf of the appellate division because respondent never asked him the question. Respondent neither recalled Mr. Kukla as a witness at the second hearing, nor did respondent explain whether Mr. Kukla was available, nor did respondent ask for a recess to locate Mr. Kukla. Under such circumstances we will not assume what Mr. Kukla's testimony would be. We do not know whether he noticed the alteration on the Form 872-A or not. The probabilities are that he did not notice the alteration because it would cause the period of limitation to expire immediately upon petitioner's election; nevertheless, we are unwilling to interpolate such testimony desired by respondent which might be unfavorable to a taxpayer not represented by counsel while respondent offers no explanation as to why such testimony was not elicited from his own employee. [2]Interstate Circuit v. United States,306 U.S. 208 (1939); Wichita Terminal Elevator Co.,6 T.C. 1158, 1165 (1946), affd. 162 F. 2d 513 (10th Cir. 1947). *52 As explained above, the burden of proving the extension of time is upon the respondent. He must prove that the agreement which he pleads and upon which he relies was actually entered into by the parties and that such agreement is valid and effects an extension of the statutory period within which he has the authority to assess. T. W. Warner Co.,19 B.T.A. 872, 877 (1930). The Commissioner takes the risk of any defect in the documents upon which he relies as waivers. T. W. Warner Co.,supra.An alteration of a waiver made before it is executed by the parties does not invalidate the waiver in its altered state. F. A. Gillespie,20 B.T.A. 1068, 1088 (1930). In the instant case the unimpeached testimony of petitioner is that he altered the consent (often referred to as a waiver) before he returned it, executed, to the appellate division. The special consent Form 872-A was not ambiguous on its face. We cannot substitute another consent for that expressed by the parties. Constitution Publishing Co.,22 B.T.A. 426, 428 (1931). The record is clear; i.e., petitioner made an offer for an extension of time on the *53 terms of the altered form. We have no evidence of the terms of the acceptance by the representative of the Commissioner. If he accepted the offer knowing of the alteration, the period of limitation expired when petitioner advised him that he elected to terminate the extended period. If the representative of the Commission accepted petitioner's offer not realizing the alteration was made, the consent is invalid because there was no meeting of the minds to constitute a contract and the period of limitation expired because there was no extension. Respondent relies upon the following dicta in Daniel G. Cary,48 T.C. 754, 765 (1967). Here the facts show that petitioner on the advice of his accountant concurred in by his attorney deliberately sent a document to the Internal Revenue Service which he and his representatives knew contained an error which he and his representatives considered material.Neither petitioner nor his representatives directed the attention of the Internal Revenue Service to the error in the instrument. Had no change been made in the instrument in the Internal Revenue Service, these facts might justify the conclusion that petitioner was estopped *54 to deny that the document he submitted to the Internal Revenue Service was an extension of the statute of limitations on assessment for the year 1957 because of petitioner's misleading the respondent to respondent's detriment. * * * The dicta do not fit the facts in this case. The special consent Form 872-A which petitioner sent to the appellate division contained no error. It contained an alteration from the printed form. The record is devoid of evidence that petitioner in any way attempted to mislead the Internal Revenue Service by his alteration of the form. Based upon the record before us, we do not believe petitioner attempted to mislead the Internal Revenue Service. Respondent's characterization of petitioner's alteration as a misdeed and trickery is not in any way supported by the record. Respondent's files surely contained a retained copy of the letter mailed to petitioner rejecting the previous consent Form 872 because petitioner had altered it. It would be most unfair to impose some sort of estoppel against petitioner in this case because respondent's employees did not exercise reasonable diligence in reading the special consent form before it was executed on behalf *55 of respondent. [3] The universal admonition of reading a contract before executing it should apply to employees of the Internal Revenue Service. Under the unusual and particular facts of this case we hold that the period of limitation on assessment expired before the Commissioner issued his statutory notice of deficiency to petitioner. As we have pointed out in numerous cases; e.g., Robert L. Anthony,
66 T.C. 367 (1976), a taxpayer is not permitted to refuse to pay his just share of the tax burden because he protests some action the government takes, such as fighting in Viet Nam. We do not condone petitioner's claiming soliders as four dependents because they fought in Viet Nam nor do we condone his deducting $10,497 as a protest to the war in Viet Nam. Although petitioner may be misquided in claiming such deductions, that does not mean his testimony as to the alteration of the Form 872-A is not to be believed. If we believed that petitioner attempted to mislead the Internal Revenue Service and if the Commissioner had properly pleaded estoppel and carried his burden of proof, the result in this case would probably be otherwise. *56 Petitioner offered no proof to support his claim for the overpayment which he alleged to be due for the taxable year 1969. Accordingly, no overpayment can be found. Because of our disposition of the statute of limitations issue, it is unnecessary to consider the other issues. Decision will be entered that there is no deficiency due from or overpayment due to petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Leslie D. Robertson,T.C. Memo 1973-205↩.
3. Respondent did not plead estoppel as required by Rule 39, Tax Court Rules of Practice and Procedure↩, nor did he claim surprise at trial or move to amend his pleadings after the trial.