**J.W. McGINTY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 3–82–0750–H.

United States District Court, N.D. Texas, Dallas Division.

May 19, 1983.

W.R. Cousins, III, Durant & Mankoff, Dallas, Tex., for plaintiff.

Cary L. Jennings, Attorney, Tax Div., U.S. Dept. of Justice, Dallas, Tex., for defendant.

## ORDER

SANDERS, District Judge.

This is a civil action for the refund of taxes paid in partial satisfaction of a 100 per cent penalty assessed against Plaintiff J.W. McGinty ("McGinty"). The Defendant, the United States of America (the "Government"), counterclaimed for the amount of the penalty which remains unpaid plus interest. The case is currently before the Court on cross motions for summary judgment filed by the parties on December 23, 1982; stipulated facts submitted with the cross motions; McGinty's memorandum in response to the Government's motion, filed February 18, 1983; and the Government's response to McGinty's motion, filed March 4, 1983.

The parties agree that there are no genuine issues of material fact and that the sole issue presented by their cross motions for summary judgment concerns the validity of a waiver of the six year statute of limitations on the collection of the penalty which the parties executed. Further, the parties agree that if the waiver was defective, the statute of limitations has run barring the collection of the unpaid balance of the penalty and entitling McGinty to a refund.

McGinty contends that the waiver was defective in that it improperly identified both the period for which the penalty was assessed and the amount of the penalty. The Government denies that the waiver was defective and maintains that both the period for which the penalty was assessed and the amount of the penalty are accurately identified.

### The Facts

The relevant facts to which the parties stipulated are as follows:

On November 1, 1974, the Government made an assessment totaling $45,926.59 against McGinty on the ground that McGinty was a "responsible person" for Ed Hogan & Company, Inc., as defined by section 6672 of the Internal Revenue Code of 1954 (hereinafter, "the tax code"), who willfully failed to collect, truthfully account for, and pay to the Government certain withholding and FICA taxes due on the wages paid to the employees of Ed Hogan & Company, Inc. for the three tax periods ending September 30, 1972, December 31, 1972, and March 31, 1973. On the same date, a notice and demand for payment of the penalty assessed was served upon McGinty by the Internal Revenue Service.

Thereafter, McGinty periodically made payments in partial satisfaction of the penalty as set forth in a Certificate of Assessment and Payments dated June 26, 1982.

On August 31, 1979, the Government and McGinty executed a Tax Collection Waiver, Form 900, which purported to waive the six year statute of limitations on the collection of the unpaid balance of the assessed penalty.

### The Issue

McGinty does not challenge the validity of the penalty assessed against him. He challenges the validity of the waiver of the statute of limitations which he and the Government executed on August 31, 1979. Further, although he alleges two defects, the failure to properly identify the period for which the penalty was assessed and the amount of the assessment, these two alleged defects are in fact the flip side of the same coin. The Form 900 contains a box entitled "Tax Period Ended" the purpose of which is to identify the period for which the penalty was assessed. McGinty contends that the Government should have listed the ending date for each of the three tax periods for which the penalty was assessed in that box, rather than merely the ending date for the last of the three consecutive periods. His second contention is that since the form only refers to the third of the three periods, the amount listed on the waiver should have been the amount assessed for that single period and not for the total for the three periods. The question upon which both of these alleged defects

hinges is whether the Government was required to list all three tax periods for which McGinty failed to pay the taxes due or whether it was sufficient for the Government to list the ending date of the total period for which the penalty was assessed, which consisted of three consecutive tax periods. If it was sufficient to merely list the final date of the entire assessment period, then the amount listed on the form was correct. If it was necessary to list each tax period for which the penalty was assessed, then the amount listed was incorrect.

### Discussion

The Tax Code does not specify what a waiver pursuant to section 6502(a)(2) must contain to be valid. Section 6502(a)(2) simply states that the waiver be agreed upon in writing by [the Government] and the taxpayer before the expiration of the six year period. Thus, "no particular formula of words is necessary" to effectuate a valid waiver. *See Shambaugh v. Scofield*, 132 F.2d 345, 347 (5th Cir.1943).

Statutes of limitations are designed to promote justice by preventing the revival of claims that have been allowed to slumber until evidence has been lost, memories faded, and witnesses have disappeared. *Burnett v. New York Central Railroad Company*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* 85 S.Ct. at 1054, *quoting Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). This policy of repose is frequently outweighed by equitable grounds and a court may on its own toll the statute of limitations "under certain circumstances not inconsistent with the legislative purpose." *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel*, 614 F.2d 1051 (5th Cir.1980).

In this case, McGinty and the Government agreed in writing to a waiver before the expiration of the six year period. McGinty does not deny, and the documents to which he stipulated make clear, that he was aware that the penalty which the Government assessed against him covered the three consecutive tax quarters ending March 31, 1973, as listed on the waiver form. Likewise, McGinty does not deny, and the documents to which he stipulated make clear, that the balance due on the payment of that penalty was $45,602.30 as listed on the waiver form. Under these circumstances, the waiver was sufficient to satisfy the purposes of the statute of limitations and McGinty's claim that the waiver was defective is without merit.

Accordingly, McGinty's Motion for Summary Judgment is hereby DENIED, and the Government's Motion for Summary Judgment is hereby GRANTED. The Government will promptly submit a proposed judgment for entry.

SO ORDERED.