Clinton W. Marrs, Dept. of Justice, Washington, D.C., for defendant.

---

Raymond M. **ROSENBLOOM**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 87–195–Civ.

United States District Court,
S.D. Florida.

Oct. 31, 1988.

## FINAL SUMMARY JUDGMENT

HASTINGS, District Judge.

THIS CAUSE comes before the Court on cross-motions for summary judgment. After careful consideration of the motions, responses, memoranda, and being fully advised, this Court's findings are set forth below.

### FACTS

Plaintiff, Raymond Rosenbloom and Defendant, United States of America have filed a joint stipulation of facts and agree that summary judgment is appropriate as there is no genuine issue as to any material fact. Fed.R.Civ.P. 56.

On January 31, 1979, the Internal Revenue Service (IRS), pursuant to 26 U.S.C. Section 6672 of the Internal Revenue Code of 1954, made an assessment against the Plaintiff in the amount of $25,159.69 for failing to pay withholding taxes due to the United States with respect to wages paid to employees of Plaintiff's corporation. Plaintiff was notified of such assessment by mail. Plaintiff does not contest his liability for the taxes nor does he deny his knowledge of the assessment. The assessment was broken down into three periods ending June 30, 1975, September 30, 1975 and December 31, 1975, respectively. The amount of each assessment was as follows:

| | |
|---|---:|
| June 30, 1975 | $9,951.73 |
| September 30, 1975 | 9,620.55 |
| December 31, 1975 | 5,587.41 |

The Plaintiff was aware that the total assessment against him covered each of the

aforementioned consecutive quarterly periods.

Plaintiff subsequently filed an administrative claim with the Appellate Division of the IRS, requesting an abatement of the full amount assessed. The IRS granted a partial abatement striking that portion of the total assessment attributable to the quarterly period ending December 31, 1975, or $5,587.41. Plaintiff then made payment schedule arrangements with the Collection Division of the IRS for the unpaid balance of the assessment which included the two remaining quarterly periods.

Pursuant to 26 U.S.C. Section 6502, the United States of America has a six-year statute of limitations on collecting assessments. Because the original assessment was made on January 31, 1979, the limitations period here was due to expire on January 31, 1985. Plaintiff and the IRS agreed upon Plaintiff making interim monthly payments of $80 while extending the limitation period for collection of the unpaid balance of the assessment. The parties executed a Form 900 Tax Collection Waiver extending the limitation period for collection of the unpaid balance of the January 31, 1979 assessment from January 31, 1985 until December 31, 1987. The waiver form designated as tax form number 1040/17, erroneously listed the tax period as ending December 31, 1975, which assessment period had already been abated. The unpaid balance of the assessment amount was listed as $18,702.28 on the waiver form. As part of the agreement to extend the limitation period, the IRS refrained from levying on Plaintiff's salary. Plaintiff made sixteen consecutive $80 payments and thereafter, on July 26, 1985, paid the sum of $33,255.85 to the IRS by check for full payment of the unpaid balance of the assessment, plus interest.

On December 31, 1985, Plaintiff filed a claim for refund with the IRS for the sum of $33,255.85 for the quarters ending June 30, 1975, September 30, 1975 and December 31, 1975. Plaintiff, realizing that the December 31, 1975 claim had been abated, subsequently filed an amended claim with the IRS for refund of the same amount, but only for the quarters ending June 30, 1975 and September 30, 1975. The IRS did not allow the claims and this suit for refund ensued.

## DISCUSSION OF LAW

Plaintiff bases his claim for refund on the contention that the collection of the liability was barred by the statute of limitations, as the waiver form he executed was invalid. Plaintiff asserts three grounds for this position as set forth below.

### 1. The executed waiver form contained an erroneous tax period date.

The waiver as executed, identified the tax period as ending on December 31, 1975, despite the fact that taxes for that period were abated pursuant to Plaintiff's administrative appeal. Plaintiff, therefore, claims that the entire waiver was invalid. Plaintiff bases this argument on the analysis in *United States of America v. Grabscheid*, 82 Stand.Fed.Tax Rep. (CCH) 7174 (1982), citing *Schenk v. Commissioner*, 35 T.C.M. (CCH) 1652 (1976), where the United States District Court for the Northern District of Illinois was faced with a similar contention. There, the waiver form also listed an incorrect date for the assessed tax period. The court found that although the date on the waiver form was the result of a "mistake in calculations or drafting," it held it was powerless to amend the waiver form as a result of the parol evidence rule. Accordingly, judgment was for the taxpayer.

Unlike this case, however, the date on the waiver form in *Grabschied*, bore no relation whatsoever to the original assessment. The assessment date in *Grabschied* was at the conclusion of a *quarterly* period, but the date on the waiver not only included the wrong year, but also did not fall at the end of any yearly quarter. Here, the date designated on the waiver form was one of the original tax periods disclosed to the Plaintiff on the January 31, 1979 assessment. Therefore, despite the fact that taxes for the period ending December 31, 1975 were abated, that date did have some connection to the original as-

sessment notice. The initial assessment notice listed three tax periods and one of them was the December 31, 1975 date subsequently noted on the waiver form.

Indeed, support for this distinction is found in the cases of *McGinty v. United States of America,* 568 F.Supp. 818 (N.D. Tex.1983) and *Versaw v. United States of America,* 35 T.C.M. 1652 (D.Neb.1986). In both cases, the taxpayer admitted to his tax liability, executed waivers of the statute of limitation periods and brought suit for refunds claiming that the waivers were invalid for citing the wrong assessment dates.

> The Tax Code does not specify what a waiver pursuant to Section 6502(a)(2) must contain to be valid. Section 6502(a)(2) simply states that the waiver be agreed upon in writing by [the Government] and the taxpayer before the expiration of the six year period. Thus, "no particular formula of words is necessary" to effectuate a valid waiver.

*McGinty,* 568 F.Supp. at 820, *citing Shambaugh v. Scofield,* 132 F.2d 345, 347 (5th Cir.1943)[1]. The court in *McGinty* considered the rationale behind filing a waiver form.

> Statutes of limitations are designed to promote justice by preventing the revival of claims that have been allowed to slumber until evidence has been lost, memories faded, and witnesses have disappeared.... This policy of repose is frequently outweighed by equitable grounds and a court may on its own toll the statute of limitations "under certain circumstances not inconsistent with the legislative purpose."

*McGinty,* 568 F.Supp. at 820, *citing Plato-ro Ltd., Inc. v. Unidentified Remains of a Vessel,* 614 F.2d 1051 (5th Cir.1980).

The court in *McGinty* considered facts similar to those presented in this case. The taxpayers in both cases admitted tax liability with full knowledge of the assessment, yet both attempted to avoid their civic duty by taking advantage of clerical errors.

Manifestly Plaintiff knew that the assessment was valid and agreed that he was liable for such amount. The Plaintiff does not deny that he owed taxes when he executed the waiver form. This Court adopts the reasoning of the *McGinty* court and its progeny in determining that the assessment, abatement and waiver undeniably demonstrate that the statute of limitations was waived for the entire January 31, 1979 assessment.

### 2. *Waiver form referred to a category of taxes other than that for which payment was due.*

Plaintiff further alleges that the waiver form contained the number 1040 which refers to a waiver for individual income taxes, not, as here, employment taxes. Employment taxes are collected pursuant to forms numbered 941. Defendant explains, however, that the term "1040" denotes that an individual was assessed, as opposed to a corporation or other business entity. Defendant is correct. The designation of the form as a "1040" indicates that the penalty was levied against a "person", which includes corporations and other businesses for the purposes of 26 U.S.C. §§ 6671(b) and 6672. As stated above, Plaintiff's attempt to avoid his tax liability cannot succeed where the facts demonstrate his knowledge and accountability for the assessment.

### 3. *Incorrect unpaid balance on waiver form.*

Finally, Plaintiff contends that the balance set forth in the tax collection waiver stated the wrong amount for the unpaid balance and therefore, the waiver is invalid. The court in *McGinty* addressed this issue as well, where it determined that a mistake in the amount of the assessment constituted "the flip side of the same coin" of the failure to correctly identify the tax period. *McGinty,* 568 F.Supp. at 819. Therefore, just as the Plaintiff does not deny that he owed the taxes, he paid the *correct* amount

**1.** Decisions of the Former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v.*

*City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

of the assessment, not the erroneous amount contained on the waiver form. As Plaintiff suffered no damage by the listing of an incorrect figure, this claim must also fail.

Based upon the foregoing, it is

ORDERED that Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED. Final summary judgment is hereby entered in favor of the Defendant, United States of America.

DONE AND ORDERED.