**Magnus LINDHOLM, Plaintiff,**

v.

**UNITED STATES of America, and the Internal Revenue Service, Defendants.**

Civ. A. No. 92–2136.

United States District Court, District of Columbia.

Oct. 8, 1992.

Jay Stephens, U.S. Atty., Margaret M. Earnest, Tax Div., Dept. of Justice, Washington, DC, for U.S.

J. Roger Mentz, Linda E. Carlisle, McClure, Trotter & Mentz, Washington, DC.

Michael Quigley, Lucy W. Plisken, Akin, Gump, Hauer & Feld, Washington, DC.

## ORDER

REVERCOMB, District Judge.

This is an action challenging a jeopardy assessment made against a nonresident alien by the Internal Revenue Service.

### Background

On June 1, 1992, the Internal Revenue Service (IRS) made a jeopardy assessment against the plaintiff, a citizen of Sweden and a resident of the United Kingdom, pursuant to 26 U.S.C. § 6861. On September 18, 1992, the plaintiff filed this action under 26 U.S.C. § 7429(b), which provides for expedited judicial review of jeopardy assessments. The Court's task in reviewing a jeopardy assessment is limited to determining whether "the making of the assessment ... is reasonable under the circumstances," and whether "the amount so assessed ... is appropriate." § 7429(b)(3)(A). For the reasons explained herein, the Court concludes that the jeopardy assessment made against the plaintiff is unreasonable and should be abated.

■ Under 26 U.S.C. § 6861, the IRS may immediately collect any alleged tax deficiency if it believes that delay would jeopardize the assessment or collection of such deficiency, notwithstanding applicable due process procedures for the making of tax assessments. *See* 26 U.S.C. § 6213(a). A jeopardy assessment is an extraordinary measure, contemplated to be "used sparingly."[1] *George F. Harding Museum v. United States*, 674 F.Supp. 1323, 1326 (N.D.Ill.1987) (quoting Internal Revenue Manual § 4584.2(2)). Underlying the present action, the IRS has challenged plaintiff's tax returns, or lack thereof, for the 1985, 1986, and 1987 tax years. The IRS claims that the plaintiff was then a resident of the United States and failed to report income, including income from the sale of certain bond options. It has assessed taxes, interest, and penalties against the plaintiff totalling more than $72 million. Alleging that the plaintiff could or appears to be placing his assets beyond the reach of the government, the IRS seeks to collect the taxes assessed against the plaintiff immediately. For his part, the plaintiff argues that he has never been a resident of the United States, that even if he was a resident during the years in question he is not liable for the taxes assessed, and that, in any event, he does not pose a risk to the collection of any taxes that may ultimately be assessed. The burden of proving the reasonableness of the jeopardy assessment rests with the IRS while the burden of proving the appropriateness of the amount assessed rests with the taxpayer. 26 U.S.C. § 7429(g).

### Venue

■ As an initial matter, the IRS challenges the bringing of this action in the District Court for the District of Columbia on the grounds that venue is improper here. *See* Fed.R.Civ.P. 12(b)(3). Section 7429(e)(1) commands that venue for purposes of challenging a jeopardy assessment is proper "only in the judicial district described in [28 U.S.C. § 1402(a)]." Section 1402(a)(1)[2] provides for proper venue "in

---

1. The IRS has indicated that jeopardy assessments are suited to cases involving, *inter alia,* narcotics, organized crime, wagering, illegal activity, or "taxpayers known or suspected of having plans for leaving the United States without making provisions for payment of their taxes (i.e., aliens generally considered as border hoppers)." Internal Revenue Manual (CCH) § 4584.2(3).

2. Section 1402(a)(2) concerns proper venue in actions brought by corporations. There is no contention by either party that this section is relevant to the present case.

the judicial district where the plaintiff resides." The IRS argues that venue is improper in the District of Columbia, or in any district, because plaintiff does not presently reside in the United States. The Court disagrees.

The Eleventh Circuit was recently confronted with a situation almost identical to the situation of the plaintiff—namely, a nonresident alien attempting to challenge a jeopardy assessment pursuant to 26 U.S.C. § 7429. *See Alegria v. United States,* 945 F.2d 1523 (11th Cir.1991). In *Alegria,* the Eleventh Circuit held, and this Court agrees, that barring nonresident aliens from challenging jeopardy assessments pursuant to 26 U.S.C. § 7429 constitutes a deprivation of property without due process in violation of the Fifth Amendment. *Id.* at 1527–28.

Beyond constitutional requirements, equitable factors weigh in favor of finding venue proper in this case. The IRS has promulgated policy guidelines that direct nonresident aliens to bring actions challenging jeopardy assessments in the District of Columbia. Internal Revenue Manual (CCH) § 4584.8(10). Pursuant to these guidelines the IRS, in two separate communications to the plaintiff, told plaintiff that a jeopardy assessment challenge should be brought in the District of Columbia if he lacked residency in the United States. *See* Plaintiff's Memorandum in Opposition to Motion of United States to Dismiss or Transfer at 2.

The IRS takes the position that the Internal Revenue Manual is not binding upon it and in support of its position cites the decision in *Luhring v. Glotzbach,* 304 F.2d 560 (4th Cir.1962) (holding that procedural rules promulgated by the Commissioner of Internal Revenue are "directory and not mandatory in legal effect" upon the IRS; thus, failure by the IRS to provide informal opportunity for taxpayer to challenge assessment as required by the procedural rules did not provide basis upon which to challenge the assessment itself); *see* Defendants' Motion for Summary Determination [hereinafter "Defendants' Motion"] at 9 n. 4. Recently, the Fourth Circuit confirmed the position it took in *Luhring. See Kenlin Indus. Inc. v. United States,* 927 F.2d 782 (1991). *Kenlin Industries* held that procedural Treasury regulations are not binding upon the IRS, so that a corporate taxpayer who was not informed of its appeal rights, as mandated by regulation, was nevertheless required to abide by established appeal procedures. *Id.* at 789.

*Luhring* and *Kenlin Industries* are both factually distinguishable from the present case. In both of those cases, the IRS was held to be within its authority to take action against a taxpayer even though not fully complying with its own regulations. In this case, however, the IRS *did comply* with its regulations by twice advising plaintiff to bring his action in this Court. Now the IRS wishes to change directions midstream. Having explicitly stated in the Internal Revenue Manual that complaints in actions such as this one should be filed in the District of Columbia, and after twice advising the plaintiff of this position, it is patently unfair for the IRS to challenge venue now. Regardless of whether the IRS must obey the dictates of the Internal Revenue Manual, the Court, in this case, will not allow the IRS to change its position after repeatedly advising the plaintiff in accordance with the Manual.

### Reasonableness of the Jeopardy Assessment

■ A jeopardy assessment is reasonably taken against a taxpayer whom the IRS has determined to be deficient in payment of taxes if:

(i) The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself or herself.

(ii) The taxpayer is or appears to be designing quickly to place his, her, or its property beyond the reach of the Government either by removing it from the United States, by concealing it, by dissipating it or by transferring it to other persons.

26 C.F.R. §§ 1.6851–1(a)(1), 301.6861–1(a).

The IRS claims plaintiff presents a risk of flight because in August 1989 he surrendered the "green card" he obtained in 1982. Defendants' Motion at 10. In so doing, the

**6**

plaintiff signed a statement declaring "I do not wish to live permanently in the U.S." *Id.* Plaintiff counters that his green card was confiscated involuntarily, but agrees that the card was not properly held by him at the time it was confiscated. Plaintiff alleges that at the time he applied for and received a green card in 1982, he did intend to reside in the United States, but intervening events in Sweden—namely, the buy-out of his partners in a hotel venture there—caused him to change his plans and remain a resident of Sweden until he moved to the United Kingdom in 1985. Affidavit of Magnus Lindholm at ¶ 8. Plaintiff's assertion that he was not a resident during the tax years at issue is supported by unimpeached documents indicating that he was in the United States in 1985 for a total of only seventy-eight days. Plaintiff's Supplement in Support of Abatement of Jeopardy Assessment, Exhibit N. 6.

This Court need not conclusively decide whether plaintiff was ever a resident of the United States. Rather, for purposes of evaluating the risk of flight, it is clear from the evidence that plaintiff is, and always has been, a businessman who travels frequently. The IRS is placed at no greater risk because plaintiff lost his green card than if he had never had one, since it appears that at all times relevant to this inquiry, plaintiff frequently was out of the United States, and his possession of a green card did not make him more accessible to the IRS.

The IRS also argues that plaintiff presents a risk of placing his property beyond the reach of the government. In support of its position, the IRS refers to the complex corporate structure through which plaintiff maintains most of his assets, and by which plaintiff avoids ownership in his own name of virtually all his assets. *See* Defendants' Motion at 20–24. Most importantly, though, the IRS relies upon the findings of a United States Magistrate Judge in the case *Bergesen d.y. A/S v. Lindholm,* 760 F.Supp. 976 (D.Conn.1991).

*Bergesen* involved a creditor's motion for prejudgment attachment of the debtor's assets in a contract dispute. The Magistrate Judge allowed the prejudgment attachment finding, *inter alia,* that Lindholm's assets were arranged in a manner that might prevent recovery by a creditor. *Id.* at 988–89. In the case at bar, the IRS relies upon the findings in *Bergesen* to conclude that plaintiff might thwart any effort to recover taxes assessed against him. In fact, the creditor in *Bergesen* was not thwarted by Lindholm's financial arrangement. The case was settled by the parties prior to trial, and, allegedly, no payment from Lindholm to Bergesen was ever required. Complaint for Abatement of Jeopardy Assessment and Related Jeopardy Levies at 19–20. Thus, despite the complexity with which plaintiff arranged his assets, he apparently did not "hide" them, but negotiated a mutually acceptable settlement with his creditors. Indeed, the IRS points to no instances in which plaintiff has either defaulted on a debt or hidden from creditors.

The Court notes, without making any determinations, that plaintiff has at least plausible challenges against the very assessment of tax levied by the IRS. For example, whether plaintiff was a resident of the United States during 1985 through 1987 appears genuinely in dispute. Plaintiff also raises substantial challenges to his tax liability under the U.S. Tax Code assuming he is found to have been a U.S. resident in 1985 to 1987. Therefore, this is not a case of clear liability on the part of the taxpayer. Furthermore, plaintiff has not been shown to present the type of risk that justifies the extraordinary measure of a jeopardy assessment. The IRS has failed to demonstrate that its imposition of a jeopardy assessment in this case is reasonable.

ACCORDINGLY, it is, by the Court, this eighth day of October, 1992

ORDERED that the United States Motion to Dismiss or Transfer shall be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that plaintiff's prayer for abatement of the jeopardy assessment against him shall be, and the same hereby is, GRANTED. The IRS shall immediately abate the jeopardy assessment

in its entirety, including any and all levies made pursuant to the jeopardy assessment.