**Magnus LINDHOLM, Plaintiff,**

v.

**UNITED STATES of America, and the Internal Revenue Service, Defendants.**

**Civ. A. No. 92–2044.**

United States District Court, District of Columbia.

Oct. 9, 1992.

Jay Stephens, U.S. Atty., Margaret M. Earnest, Tax Div., Dept. of Justice, Washington, DC, for U.S.

Linda E. Carlisle, McClure, Trotter & Mentz, Washington, DC.

Michael Quigley, Anthony T. Pierce, Akin, Gump, Hauer & Feld, Washington, DC.

### ORDER

v.

**UNITED STATES of America, and the Internal Revenue Service, Defendants.**

**Civ. A. Nos. 92–2044, 92–2136.**

United States District Court, District of Columbia.

Oct. 28, 1992.

Jay Stephens, U.S. Atty., Margaret M. Earnest, Tax Div., Dept. of Justice, Washington, DC, for U.S.

J. Roger Mentz, Linda E. Carlisle, McClure, Trotter & Mentz, Washington, DC.

Michael Quigley, Lucy W. Plisken, Akin, Gump, Hauer & Feld, Washington, DC.

## ORDER

REVERCOMB, District Judge.

Three motions are before the Court in these matters: defendants' motion for reconsideration, defendants' emergency motion for stay pending appeal, and plaintiff's motion for reconsideration. For the reasons stated herein, all three motions are denied.

First, defendants wish the Court to reconsider its Order of October 8, 1992 (the "October 8 Order"), in which the Court abated in full the jeopardy assessment levied against plaintiff on June 1, 1992. 808 F.Supp. 3. Defendants' memorandum in support of their motion merely rehashes arguments made to the Court prior to its ruling, and asks the Court to reexamine its legal conclusions. Defendants allege no change in controlling law since the order was signed, nor do they argue any new legal or factual basis to support reconsideration of this matter.

■ Second, defendants' move for a stay pending possible appeal on the grounds that there is a strong likelihood of their success on appeal, irreparable injury will befall them absent a stay, no substantial harm will be done to plaintiff should a stay be granted, and the public interest lies with the defendants. *See Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). As to the last argument, the Court agrees that the public interest, if any, lies with the ability of the Internal Revenue Service to collect taxes properly due under the laws of the United States. However, the Court previously held in the October 8 Order that the I.R.S.'s interests are not imperiled sufficiently to justify the extraordinary measure of a jeopardy assessment against the plaintiff. The Court does not find that the interests of the defendants will be irreparably harmed without a stay, but, on the other hand, plaintiff may endure substantial harm to his financial interests should his assets remain frozen during the pendency of any appeal.

Defendants argue that success on appeal is likely because a split exists among the circuits regarding proper venue in cases in which nonresident aliens challenge jeopardy assessments. *Compare Alegria v. United States,* 945 F.2d 1523 (11th Cir. 1991) *with Stebco, Inc. v. United States,* 939 F.2d 686 (9th Cir.1990). The Court finds that defendants' argument is without merit. Defendants do not contend that the substance of the Court's October 8 Order is appealable. *See* 26 U.S.C. § 7429(f) (the Court's determination is "final and conclusive and shall not be reviewed by any other court"). However, they wish to challenge the Court's finding that venue was proper in the District of Columbia.

Defendants have cited no authority on point that supports their argument. Their alleged split among the circuits, in fact, is illusory. In *Stebco,* the Ninth Circuit held

that 26 U.S.C. § 7429(f) encompasses challenges to venue, such that a denial of a motion to dismiss for improper venue in a § 7429 proceeding may not be appealed. 939 F.2d at 688. In *Alegria*, by comparison, the Eleventh Circuit considered a challenge to the district court's dismissal for improper venue, but reversed the district court, holding that to deny nonresident aliens a forum in which to challenge jeopardy assessments constitutes a denial of due process and equal protection. 945 F.2d at 1527–28. According to the cases cited, the Court's ruling as to venue in the October 8 Order is correct on the merits, or it is unreviewable. Either way, the defendants do not appear to have much chance for success on appeal.

■ Finally, plaintiff moves the Court to reconsider its October 9, 1992 Order in which its dismissed as moot plaintiff's Freedom of Information Act ("FOIA") claim against the I.R.S. 808 F.Supp. 7. Plaintiff argues that action involved issues beyond those relevant to plaintiff's challenge to the jeopardy assessment. This argument is not supported by plaintiff's complaint. Although the FOIA request may have asked for more information than strictly needed to challenge the jeopardy assessment, it is clear that the FOIA request was made in response to the jeopardy assessment and that the purpose of the request was to gather information needed to challenge the jeopardy assessment. The jeopardy assessment has been abated; therefore, lawsuits subsidiary to the jeopardy assessment challenge do not present live issues. The interests of justice are served by concluding legal proceedings prompted by and focused upon the jeopardy assessment levied against the plaintiff.

Accordingly, defendants' motion for reconsideration is DENIED; defendants' emergency motion for stay pending appeal is DENIED; and plaintiff's motion for reconsideration is DENIED.

SO ORDERED.