**Vance WIERTZEMA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. A3–89–38.**

United States District Court, D. North Dakota, Southeastern Division.

Dec. 15, 1989.

Order on Motion For Attorney Fees April 17, 1990.

Leslie Johnson–Soetebier, Fargo, N.D., for plaintiff.

Brett P. Scott, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Gary Annear, U.S. Atty., Fargo, N.D., for defendant.

## MEMORANDUM AND ORDER

WEBB, District Judge.

Plaintiff, Vance Wiertzema, was assessed and paid additional federal income tax for the taxable year 1983, after receiving a statutory Notice of Deficiency. Plaintiff had filed a claim for refund which was denied April 28, 1987.

Both plaintiff and defendant have moved for summary judgment in this case.

### Facts

The parties have stipulated to certain facts. The pertinent facts are set forth. The plaintiff works on the family farm with his father and brothers. In February 1983 Plaintiff enrolled in a welding course at the Tulsa Welding School. Prior to this time, plaintiff had neither formal training nor education in welding.

The Tulsa school offers 10, 11, 16, and 21 week courses in welding. After satisfactory completion of the coursework, an individual will be qualified to work as a welder anywhere in the United States. The nature of welding is such that individuals are hired not on the basis of license or certification but rather on the basis of their skills. Plaintiff enrolled in and satisfactorily completed the 16 week course.

Plaintiff chose the Tulsa school because he could receive the equivalent of one year of technical school training in just three months.

After learning to weld, plaintiff has used his welding skills for repairing machinery and equipment and constructing and maintaining various farm implements.

Plaintiff has never worked as a welder other than in the farming operation. Plaintiff has worked on the family farm all of his life except for a nine month period in 1987 when he moved to Arizona with his bride and worked in a bakery.

### Analysis

In considering a Rule 56 motion for summary judgment, the court will consider the evidence in a light most favorable to the non-movant. Summary judgment will be granted only if there are no questions of fact to be resolved and the movant is entitled to prevail as a matter of law.

The analysis concerns Treasury Regulation Section 1.162–5. Section 1.162–5 provides in pertinent part:

(a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

. . . . .

(b)(3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. . . .

Two questions are raised. (1) Whether the courses the plaintiff took maintained or improved skills required for farming? (2) Whether the plaintiff was trained for a new trade or business?

The first question is easily resolved. The affidavits support the fact that the Wiertzema farm needed welding services. The farm machinery is constantly in need of such repairs. It is undisputed that Vance Wiertzema had some welding skills prior to taking the Tulsa welding course. It is also undisputed that his skills were improved by the course.

■ The second issue is more difficult. The United States cites the test used in the Seventh Circuit. The "objective test," as set forth in *O'Donnell v. Commissioner*,

states that the court should look only to whether the coursework qualifies the taxpayer to practice in another trade or business. 62 T.C. 781, 783 (1974), *aff'd,* 519 F.2d 1406 (7th Cir.1975).

Wiertzema cites the test used in the Second Circuit. The "common sense" approach as set forth in *Diaz v. Commissioner* states that if the education qualifies the taxpayer to perform significantly different tasks and activities than he or she could perform prior to the education, then the education qualifies him or her for a new trade or business. 70 T.C. 1067, 1074–75 (1978), *aff'd without opinion,* 607 F.2d 995 (2nd Cir.1979). There is no case directly on point in the Eighth Circuit.

There appears to be a split in the circuits. The Tax Court has used both approaches in deciding cases.

■ A common example will illustrate why this court will follow the "common sense" approach. An attorney who takes a course in preparing tax returns is allowed to deduct the expenses for that course. There is no question that the attorney gets this deduction. However, if one were to strictly follow the "objective" approach, an attorney is qualifying himself or herself to practice in another trade or business. There are people who do nothing but prepare tax returns. The "common sense" approach would allow the attorney to continue to deduct the expense of the tax preparation course. This approach would, likewise, allow a farmer like Wiertzema to deduct expenses for the welding course.

In the Wiertzema farming operation the brothers and the father each contribute specialized skills. Vance Wiertzema was doing some welding on the farm prior to taking the course. Welding is necessary for a farming operation like the Wiertzemas'. They have to do it themselves or they have to hire out.

IT IS THE ORDER OF THE COURT that Wiertzema's motion for summary judgment is GRANTED. The United States' motion for summary judgment is DENIED.

## ORDER

## ON MOTION FOR ATTORNEY FEES

■ The court has been asked to award attorney's fees and costs to Vance Wiertzema arising from his litigation against the Internal Revenue Service.

Section 7430 of the Internal Revenue Code authorizes courts to award reasonable attorney's fees and other litigation costs if certain conditions are met. *See* 26 U.S.C. § 7430. The taxpayer must have exhausted his administrative remedies and must have been the prevailing party.

Prevailing party is defined in the code as follows:

> (c)(2) The term "prevailing party" means any party to any proceeding described above, other than the United States or a creditor of the taxpayer involved, which
>
> (i) establishes that the position of the United States in the proceeding was "not substantially justified."
>
> (ii) has substantially prevailed with respect to the amount in controversy, or as to the most significant issue or set of issues presented, and
>
> (iii) meets the requirements of 28 U.S.C. Section 2412(d).

*See* 26 U.S.C. § 7430(c)(2).

There is no controversy as to parts (ii) and (iii). The government concedes in its brief that Wiertzema meets all criteria except for that found in § 7430(c)(2)(i).

The government argues that the court in its opinion noted that there was a split among the circuit courts as to the approach used for determining tax liability in the type of case Wiertzema litigated.

The court does acknowledge that there is division among the circuit courts and, further, that the Eighth Circuit had not issued a ruling in the type of case Wiertzema litigated.

In federal tax cases disputed questions of law are satisfactorily resolved only by United States Supreme Court decisions, for the Commissioner has on many occasions taken the position, as he has in this litigation, that a court of appeals decision with

which he disagrees has no binding effect on the Service's policies in other circuits. *Divine v. Commissioner*, 500 F.2d 1041, 1049 (2d Cir.1974). Therefore, although this court granted summary judgment in favor of Wiertzema, it cannot state that the government's position was not substantially justified.

Thus, Wiertzema's request for attorney's fees and costs is DENIED.

Let judgment be entered accordingly.