MARJORIE E. CONNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Connell v. Commissioner
Docket No. 28893-88
United States Tax Court
T.C. Memo 1993-638; 1993 Tax Ct. Memo LEXIS 651; 66 T.C.M. (CCH) 1852; December 29, 1993, Filed *651 For petitioner: Charles Wist. For respondent: David H. Peck and William G. Bissell. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This matter is before the Court on petitioner's motion for litigation costs under section 7430 and Rule 231. [1] After concessions, the sole issue we must decide is whether petitioner has shown that respondent's position in this proceeding was not substantially justified within the meaning of section 7430(c)(2)(A)(i). We hold that petitioner has failed to do so. We previously held that the estate of petitioner's deceased husband, Jerry Killian, was liable for income tax deficiencies and additions to tax, but that petitioner was not liable because she qualified as an innocent spouse under section 6013(e). Estate of Killian v. Commissioner, T.C. Memo. 1987-365. Petitioner received the family homestead *652 and other assets and liabilities as a result of her husband's death. Respondent later determined that petitioner was liable for tax as a transferee of her deceased husband's estate. Sec. 6901. The liabilities petitioner received as a result of her husband's death exceeded the assets other than the homestead property. We held that petitioner was not liable as a transferee of the estate of her deceased husband in the underlying case, Connell v. Commissioner, T.C. Memo. 1992-366. In accordance with Rule 232, the parties have submitted affidavits and memoranda supporting their positions. We decide the motion based on petitioner's motion, respondent's objection, and affidavits provided by both parties. There are no significant conflicts of fact presented by the affidavits of each party. Neither party requested a hearing, and we conclude that a hearing is not necessary to decide this motion. Rule 232(a)(3). Discussion
1. Background
The amendments to section 7430 made by section 6239 of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3743-3747, apply to cases commenced after November 10, *653 1988. The petition in this case was filed November 7, 1988. Thus, this case is governed by section 7430 before its amendment by TAMRA. Section 7430(a) provides that a prevailing party in a Tax Court proceeding may be awarded reasonable litigation costs. To qualify as the prevailing party, the taxpayer must, among other requirements, establish that the position of the United States in the underlying litigation was not substantially justified. Sec. 7430(c)(2)(A)(i). The substantially justified standard is a reasonableness standard; i.e., whether respondent's position had a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552, 564 (1988). Congress enacted section 7430 in 1982. Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(a), 96 Stat. 572. Among other requirements, a taxpayer is required to show that the position of the United States was unreasonable. The legislative history listed some factors which might be considered in deciding what constitutes unreasonable conduct by the Commissioner: The committee intends that the determination by the court on this issue is to be made on the basis of *654 the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. * * *
H. Rept. 97-404, at 12 (1981). In 1986 Congress changed "unreasonable" to "not substantially justified", the standard applicable to the Equal Access to Justice Act (EAJA), 28 U.S.C. section 2412 (1988). Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551, 100 Stat. 2752; H. Conf. Rept. 99-841, at II-801 (1986), 1986 C.B. (Vol. 4) 1, 801. The purpose of the change was to conform section 7430 more closely to EAJA. H. Rept. 99-841, supra at II-801, 1986-3 C.B. (Vol. 4) at 801. The "substantially justified" standard *655 is not a departure from the "reasonableness" standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, 487 U.S. 552, 565 (1988). It is not enough that a position simply possesses enough merit to avoid sanctions for frivolousness; it must have a "reasonable basis both in law and fact". Id.; see, e.g., Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992). The Government's position can be justified even if ultimately rejected by the Court. Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993). The fact that respondent did not prevail in the underlying litigation does not require a determination that respondent's position was unreasonable, Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); Sokol v. Commissioner, 92 T.C. 760, 767 (1989); however, *656 it remains a factor to be considered, Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v Commissioner, 100 T.C. 457, 471 (1993). The burden of proving no substantial justification is on the taxpayer. Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993). 2. Whether Respondent's Position Was Substantially Justified
Respondent's position in Connell v. Commissioner, supra, was that the transfer of the homestead to petitioner was void as to respondent under Tex. Bus. & Com. Code Ann. section 24.03(a) (West 1968). Petitioner's homestead rights were created when she and her husband acquired the property before 1981. Respondent became a creditor of petitioner's husband on December 31, 1981. We held that the homestead was a jointly owned asset which passed to petitioner on her husband's death and was not subject to the claims of her husband's *657 creditors. Tex. Const. art. 16, sec. 50; Tex. Prob. Code Ann. sec. 270 (West 1980). Thus, we held that petitioner was not liable as a transferee with respect to the homestead because a creditor of petitioner's husband, under Texas law, could not have levied on the homestead either before or after Mr. Killian's death. Alonso v. Commissioner, 78 T.C. 577, 581 (1982); Smith v. Commissioner, 24 B.T.A. 807 (1931). In the underlying case, respondent relied on United States v. Rodgers, 461 U.S. 677 (1983); [2]United States v. Estes, 450 F.2d 62 (5th Cir. 1971); and Shambaugh v. Scofield, 132 F.2d 345 (5th Cir. 1943). [3] *659 However, those cases do not apply here. Those cases apply where the Government seeks to enforce a Federal tax lien that has attached to the delinquent taxpayer's interest in the property. Here respondent does not seek to enforce any Federal tax lien that may have attached to petitioner's deceased husband's interest in the homestead but rather to impose liability on petitioner as her late husband's transferee. Under *658 Commissioner v. Stern, 357 U.S. 39 (1958), we look to State law to determine whether petitioner is liable for his tax as a transferee.[4]
Notwithstanding our disagreement with respondent's argument, we recognize that there are no cases on point with the issue in the underlying case. If the law is unclear, or the question raised is one of first impression, the Commissioner has greater justification to litigate the matter. See Stebco, Inc. v. United States, 939 F.2d 686, 688 (9th Cir. 1991); Blanco Investments & Land, Ltd. v. Commissioner, T.C. Memo. 1988-175; Smith v. United States, 735 F. Supp. 1396, 1401 (C.D. Ill. 1990); Wiertzema v. United States, 747 F. Supp. 1363, 1365-1366 (D.N.D. 1989). We believe respondent's position was incorrect, but that petitioner has not shown that respondent's position lacked a reasonable *660 basis in law. We also conclude that petitioner has not shown that respondent's position lacked a reasonable basis in fact. Respondent's position was based on the fact that petitioner's husband's estate was liable for a deficiency in tax and petitioner received property as a result of her husband's death without consideration, thus rendering his estate insolvent. Petitioner argues that respondent's position was unreasonable because respondent: (1) Refused to apply Texas law in deciding if petitioner was liable as a transferee, Commissioner v. Stern, supra; (2) intentionally misread Texas law governing liability for transferees of estates; and (3) refused to entertain settlement offers. Petitioner further argues that all material facts were available in petitioner's innocent spouse case, Estate of Killian v. Commissioner, T.C. Memo. 1987-365. We disagree with petitioner that respondent refused to apply Texas law in resolving the transferee liability issue. Respondent relied on section 24.03(a) of the Texas Business and Commerce Code (Tex. Bus. & Com. Code Ann. sec 24.03 (West 1968)), albeit in our view incorrectly, *661 to contend petitioner was liable as a transferee. Petitioner contends but has not shown that respondent intentionally misread Texas law. Further, the record does not show that petitioner made settlement offers that respondent refused. Petitioner contends that respondent's position "utterly and completely lacked legal foundation". Petitioner calls respondent's arguments "an obfuscation" and respondent's position "groundless". Petitioner provides no discussion of the merit of respondent's arguments. Petitioner's conclusory approach is not persuasive. We conclude that petitioner failed to show that respondent's position lacked a reasonable basis in law or fact. Pierce v. Underwood, 487 U.S. at 656. Accordingly, we hold that respondent's position was substantially justified and that petitioner is not entitled to litigation costs under section 7430. Petitioner's motion will therefore be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In United States v. Rodgers, 461 U.S. 677, 692 n.18 (1983), revg. and remanding 649 F.2d 1117 (5th Cir. 1981), and vacating and remanding Ingram v. Dallas Dept. of Housing & Urban Rehabilitation, 649 F.2d 1128↩ (5th Cir. 1981), the Court concluded that sec. 7403 vests a District Court with discretion to order a sale of homestead property in order to enforce a tax lien that has attached to a delinquent taxpayer's interest in that property.
3. In United States v. Estes, 450 F.2d 62 (5th Cir. 1971), the Court permitted Federal levy on a Texas homestead transferred by the taxpayers to a trust they created for the benefit of their children. The Government had filed tax liens against the property after it was transferred into trust. Each taxpayer was liable for large tax deficiencies. Similarly, in Shambaugh v. Scofield, 132 F.2d 345 (5th Cir. 1943), the Court permitted the forced sale of the Texas homestead of the taxpayers to satisfy unpaid Federal income tax assessments against the taxpayers. Both spouses were liable for Federal tax in Estes and Shambaugh, and the Federal tax lien attached to the homestead interests of both spouses. In contrast, petitioner had no Federal tax liability, unless as a transferee under Texas law. Commissioner v. Stern, 357 U.S. 39↩ (1958).
4. Similarly inapposite is respondent's reliance on sec. 301.6334-1(c), Proced. & Admin. Regs., which provides that property exempt from execution under State personal or homestead exemption laws is subject to levy by the United States for collection of taxes for which a taxpayer is liable.↩