**RHOADES, McKEE, AND BOER, a Michigan partnership; Dale W. Rhoades, Tax Matter Partner; Timothy Hillegonds, Partner; and Rhoades, McKee, Boer, Goodrich and Titta, a Michigan corporation, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 1:91:CV:540.

United States District Court,
W.D. Michigan.

Nov. 24, 1993.

Opinion on Reconsideration
Jan. 7, 1994.

Dale W. Rhoades, Thomas P. Hogan, Robert C. Shaver, Jr., Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, MI, for Rhoades McKee & Boer, Dale W. Rhoades, Timothy Hillegonds

Dale W. Rhoades, Robert J. Dugan, Robert C. Shaver, Jr., Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, MI, for Rhoades, McKee, Boer, Goodrich and Titta.

Michael L. Schipper, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, George P. Eliopoulos, Thomas J. Clark, U.S. Dept. of Justice, Tax Div., Washington, DC, for the U.S.

## OPINION

ENSLEN, District Judge.

After a bench trial in this Court, judgment was entered in favor of plaintiffs in the above-captioned matter on May 24, 1993. As a result, plaintiffs recovered taxes and penalties claimed against plaintiff Dale Rhoades' individual defined benefit plan. The matter presently before the Court is plaintiff Rhoades, McKee, Boer, Goodrich and Titta's motion to recover reasonable litigation costs. This motion is timely pursuant to Local Rule 10(d) and 28 U.S.C. § 2412(d)(1)(B).

■ 26 U.S.C. § 7430 allows the prevailing party in a tax refund action against the United States to recover reasonable litigation costs. In order to be eligible for an award under this section, the prevailing party must have exhausted administrative remedies, satisfy certain net worth restrictions, and it must have not unreasonably protracted the court proceedings.

The government argues that plaintiff Rhoades, McKee, Boer, Goodrich and Titta is ineligible for an award under § 7430 for three reasons. First, because the government's position cannot be characterized as "not substantially justified," second, because plaintiff did not exhaust administrative remedies, and third, because plaintiff's self-representation prevented it from "incurring" costs within the meaning of the statute.

### Prevailing Party

■ § 7430(c)(4) defines "prevailing party" as one

(i) which establishes that the position of the United States in the proceeding was not substantially justified,

(ii) which—

(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(iii) [has satisfied the net worth requirements of 28 U.S.C. § 2412(d)(1)(B).]

Plaintiff clearly has satisfied subsection (ii)(I), because it was awarded every penny it asked for. The question for the Court is whether subsection (i) is satisfied. Because I conclude that the position of the United States in this litigation was "substantially justified," I find that plaintiff is not properly defined as a "prevailing party" for purposes of § 7430(c)(4).

A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person," or it has a "reasonable basis both in law and fact." *Comer Family Equity Pure Trust v. Commissioner*, 958 F.2d 136, 139–40 (6th Cir.1992) (citing *Pierce v. Underwood*, 487 U.S. 552, 563–65, 108 S.Ct. 2541, 2549–50, 101 L.Ed.2d 490 (1988)). The question of substantial justification is essentially one of reasonableness. *Tennessee Baptist Children's Homes, Inc. v. United States*, 790 F.2d 534, 540 (6th Cir.1986) (construing "substantially justified" provision in Equal Access to Justice Act's attorneys fees provision).

A significant focus of plaintiff's argument on this point is the fact that three Tax Court opinions that were quite favorable to plaintiff's position were issued before this case was resolved. Decisions in *Vinson & Elkins v. Commissioner*, 99 T.C. 9, 1992 WL 162641 (1992) and *Wachtell, Lipton, Rosen & Katz v. Commissioner*, T.C. Memo 1992–392, 1992 WL 162645 (1992), were announced on July 14, 1992. A decision in *Citrus Valley Estates, Inc. v. Commissioner*, 99 T.C. 379, 1992 WL 238873 (1992), was announced on September 9, 1992. Plaintiff argues that defendant's unwillingness to change its position demonstrates a disregard for precedent.

While I found the tax court cases persuasive, I do not believe that they render the government's position in this case not substantially justified for two reasons. The first is that Tax Court decisions are not binding on district courts. This fact distinguishes the present situation from one in which the government ignores Tax Court precedent when litigating in the Tax Court itself, *e.g., Stieha v. Commissioner,* 89 T.C. 784, 1987 WL 45302 (1987), ignores its own formal acquiescence to a Tax Court decision, *e.g., Giesecke v. United States,* 637 F.Supp. 309, 311 (W.D.Tex.1986), or ignores a new law which unmistakably overrules an earlier holding, *e.g., Estate of Perry v. Commissioner,* 931 F.2d 1044, 1046 (5th Cir.1991).

The second is that the government properly challenged the Tax Court's holdings with regard to the interpretation of 26 U.S.C. § 412(c)(3). The first standard it challenged was the Tax Court's decision to find that actuarial assumptions complied with the § 412(c)(3)(A) "reasonableness" requirement unless they were *"substantially* unreasonable." Though I ultimately agreed with the Tax Court's estimate of the amount of deference which should be accorded to actuaries, this does not make the United States' position unjustified.

■ Second, and most importantly, the United States used this litigation to put forward a particular interpretation of subsection (B) of § 412(c)(3), the "best estimate" prong. The Tax Court decisions virtually ignored this subsection altogether, and the question of how the second half of the statutory test should be constructed was essentially one of first impression. *See, Stebco Inc. v. United States,* 939 F.2d 686, 688 (9th Cir.1991) (denying § 7430 fee request; equating question of first impression with substantially justified); *Wiertzema v. United States,* 747 F.Supp. 1363, 1365 (D.N.D.1989) (denying § 7430 fee request because there was no Eighth Circuit or Supreme Court precedent on the question). While unpersuasive in the final analysis, I find that the government's position on the "best estimate" question was substantially justified in law and fact.

Reasonable jurists could have differed on the questions the parties litigated in this case. As a result of the foregoing, I find that for purposes of an attorneys fees award pursuant to 26 U.S.C. § 7430, plaintiff cannot be defined as a "prevailing party," because the government's position at trial cannot be fairly characterized as "not substantially justified." [1] As a result, there is no need for me to address the parties' arguments on the other prongs of the § 7430 test. Plaintiff's motion will be denied.

## OPINION ON RECONSIDERATION

The matter before the Court is plaintiffs' motion for reconsideration of this Court's denial of their motion to recover reasonable litigation costs. Though they do not specify the Rule of Civil Procedure which permits their motion, I presume plaintiffs proceed under Fed.R.Civ.P. 60(b)(1).

Plaintiffs' original motion argued that they were "prevailing parties," and were therefore entitled to recover their litigation costs pursuant to 26 U.S.C. § 7430. In addition to other criteria, § 7430(c)(4)(A)(i) defines a "prevailing party" as one which establishes that the position of the United States in the proceeding was not substantially justified.

In my November 23, 1993 Opinion, I explained that I thought the government's position on the proper legal standard to be applied to 26 U.S.C. § 412(c)(3) was "substantially justified," and therefore 26 U.S.C. § 7430 did not entitle plaintiffs to recover litigation costs.

Plaintiffs' motion for reconsideration first argues that a recent Fifth Circuit case demonstrates that the government's argument on the "best estimate" legal standard was not substantially justified. *Vinson & Elkins v. Commissioner of Internal Revenue,* 7 F.3d 1235 (5th Cir.1993). I cannot agree with plaintiffs' assertion that this appellate decision proves that the best estimate issue was not one of first impression. In fact, the Fifth Circuit cites the Court's decision in this case in support of its analysis of the proper legal standard for measuring a "best estimate."

---

**1.** As I understand the law, whether the government's decision to appeal is substantially justified for purposes of a fee award is a distinct matter to be determined by the Sixth Circuit.

Therefore, this Fifth Circuit opinion has no bearing on my consideration of the reasonableness of the government's legal position given the state of the law at the time of trial.

Plaintiffs' motion next argues that regardless of any legal justification, the government's factual contentions were not "substantially justified," and therefore plaintiffs should be allowed to recover their litigation costs.

In *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Court held that a litigating position is "substantially justified," as required by the fee provision of the Equal Access to Justice Act (28 U.S.C. § 2412(d)(1)(A)), when it is

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

*Pierce* at 565, 108 S.Ct. at 2550 (citations omitted). In *Comer Family Equity Pure Trust v. CIR,* 958 F.2d 136 (6th Cir.1992), the Sixth Circuit applied the Supreme Court's interpretation of the E.A.J.A. "substantially justified" standard to the fee provision of § 7430. The *Comer* court stated that a position is "substantially justified" for purposes of this tax statute when it is "'justified to a degree that could satisfy a reasonable person' or it [has] a 'reasonable basis both in law and fact.'" *Id.* at 139–40. It went on to review the Tax Court's findings of fact, "because a finding of substantial justification must be based on the facts of the case." *Id.* at 140.

■ In considering whether the government's litigating position was substantially justified, I must consider it as a whole. Review of my dispositive opinion and trial notes instruct that there are four areas of dispute I must evaluate in order to consider the whole. The first and second are legal. They concern the proper standard of review, and the proper interpretation of the best estimate prong of the statute. I explained in my earlier opinion why I believe the government's position in these areas are substantially justified.

Implicated in that opinion is my evaluation of the third area, the factual premise of the government's best estimate argument. For example, imagine that the government dragged a citizen through litigation to argue that the interpretation of the best estimate standard should be changed to require yearly meetings with an actuary, but the taxpayer actually met with his or her actuary yearly. In such a case, I would consider the government's position to be justified legally but substantially unjustified factually. In contrast, in this case, I conclude that the minimal consultation with Mr. Rhoades provided factual justification for the government's legal argument.

Finally, the fourth area of dispute is purely factual, and that is the government's attack on the reasonableness of plaintiffs' assumptions regarding interest rates, mortality and retirement age. The government's position in this area was undeniably weak, and if this had been the sole focus of its case, its position would come close to being substantially unjustified. However, when weighed in combination with the other three areas of dispute, I hold that in total the government's litigating position was "justified in substance or in the main," "justified to a degree that could satisfy a reasonable person," and, overall, had a "reasonable basis both in law and fact." Therefore, I decline to award plaintiffs attorney fees pursuant to 26 U.S.C. § 7430.

■ Finally, plaintiffs ask the Court to require the government to honor its promise to pay for expert witness Klingler's travel time and expenses for coming to Grand Rapids for deposition. This request was included in plaintiffs' original motion, but I failed to consider it separately in my earlier Opinion. The government agrees that it owes plaintiffs $1,412 in expenses in fees, but it disagrees that it should be held responsible for Mr. Klingler's charge of $2,730 for 13 hours of travel time between Phoenix and Grand Rapids.

Apparently, the parties did not reduce their agreement to writing, and plaintiffs do not appear to assert that the government explicitly agreed to pay Mr. Klingler his

ordinary hourly rate for his travel time. Therefore, I would ordinarily turn to the "common practice" in federal litigation: do lawyers who agree to pay "travel expenses" typically understand the phrase to include billing for travel time? And if so, is that billing rate typically a standard or a reduced rate?

Because neither party has submitted evidence on common practice, I am left without the information necessary to resolve this dispute. Therefore, the parties are advised that I believe that "standard practice" should govern their vague agreement regarding the $2,730, and I expect that they can work together to resolve the issue. If they cannot, they may bring the dispute to court in a separate motion, but I certainly hope it does not come to that. Regardless of the travel time issue, it is clear that, at minimum, the government owes plaintiffs $1,412. I am chagrined to learn that the government has not made payment on the undisputed amount yet, and it should be paid immediately.