RHOADES, McKEE, AND BOER, a Michigan partnership; Dale W. Rhoades, Tax Matter Partner; Timothy Hillegonds, Partner; and Rhoades, McKee, Boer, Goodrich and Titta, a Michigan corporation, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 1:91:CV:540.

United States District Court,
W.D. Michigan.

Jan. 7, 1994.

Dale W. Rhoades, Thomas P. Hogan, Robert C. Shaver, Jr., Rhoades, McKee, Boer, Goodrich, et al., Grand Rapids, MI, for Rhoades, McKee, and Boer, Dale W. Rhoades, and Timothy Hillegonds.

Dale W. Rhoades, Robert J. Dugan, Robert C. Shaver, Jr., Rhoades, McKee, Boer, Goodrich, et al., Grand Rapids, MI, for Rhoades, McKee, Boer, Goodrich and Titta.

Michael L. Schipper, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, George P. Eliopoulos, U.S. Dept. of Justice, Tax Div., Thomas J. Clark, Dept. of Justice, Washington, DC, for U.S.

## *OPINION*

ENSLEN, District Judge.

The matter before the Court is plaintiffs' motion for reconsideration of this Court's denial of their motion to recover reasonable litigation costs. 846 F.Supp. 565 (1993). Though they do not specify the Rule of Civil Procedure which permits their motion, I presume plaintiffs proceed under Fed.R.Civ.P. 60(b)(1).

Plaintiffs' original motion argued that they were "prevailing parties," and were therefore entitled to recover their litigation costs pursuant to 26 U.S.C. § 7430. In addition to other criteria, § 7430(c)(4)(i) defines a "prevailing party" as one which establishes that the position of the United States in the proceeding was not substantially justified.

In my November 23, 1993 Opinion, I explained that I thought the government's position on the proper legal standard to be applied to 26 U.S.C. § 412(c)(3) was "substantially justified," and therefore 26 U.S.C. § 7430 did not entitle plaintiffs to recover litigation costs.

Plaintiffs' motion for reconsideration first argues that a recent Fifth Circuit case demonstrates that the government's argument on the "best estimate" legal standard was not substantially justified. *Vinson & Elkins v. Commissioner of Internal Revenue,* 7 F.3d 1235 (5th Cir.1993). I cannot agree with plaintiffs' assertion that this appellate decision proves that the best estimate issue was not one of first impression. In fact, the Fifth Circuit cites the Court's decision in this case in support of its analysis of the proper legal standard for measuring a "best estimate." Therefore, this Fifth Circuit opinion has no bearing on my consideration of the reasonableness of the government's legal position given the state of the law at the time of trial.

Plaintiffs' motion next argues that regardless of any legal justification, the government's factual contentions were not "substantially justified," and therefore plaintiffs should be allowed to recover their litigation costs.

In *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Court held that a litigating position is "substantially justified," as required by the fee provision of the Equal Access to Justice Act (28 U.S.C. § 2412(d)(1)(A)), when it is

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the bast majority of other Courts of Appeals that have addressed this issue.

*Pierce* at 565, 108 S.Ct. at 2550 (citations omitted). In *Comer Family Equity Pure Trust v. CIR,* 958 F.2d 136 (6th Cir.1992), the Sixth Circuit applied the Supreme Court's interpretation of the E.A.J.A. "substantially justified" standard to the fee provision of § 7430. The *Comer* court stated that a position is "substantially justified" for purposes of this tax statute when it is " 'justified to a degree that could satisfy a reasonable person' or it [has] a 'reasonable basis both in law and fact.' " *Id.* at 139–40. It went on to review the Tax Court's findings of fact, "because a finding of substantial justification must be based on the facts of the case." *Id.* at 140.

■ In considering whether the government's litigating position was substantially justified, I must consider it as a whole. Review of my dispositive opinion and trial notes instruct that there are four areas of dispute I must evaluate in order to consider the whole. The first and second are legal. They concern the proper standard of review, and the proper interpretation of the best estimate prong of the statute. I explained in my earlier opinion why I believe the government's position in these areas are substantially justified.

Implicated in that opinion is my evaluation of the third area, the factual premise of the government's best estimate argument. For example, imagine that the government dragged a citizen through litigation to argue that the interpretation of the best estimate standard should be changed to require yearly meetings with an actuary, but the taxpayer actually met with his or her actuary yearly. In such a case, I would consider the government's position to be justified legally but substantially unjustified factually. In contrast, in this case, I conclude that the minimal consultation with Mr. Rhoades provided factual justification for the government's legal argument.

■ Finally, the fourth area of dispute is purely factual, and that is the government's attack on the reasonableness of plaintiffs' assumptions regarding interest rates, mortality and retirement age. The government's position in this area was undeniably weak, and if this had been the sole focus of its case, its position would come close to being substantially unjustified. However, when weighed in combination with the other three areas of dispute, I hold that in total the government's litigating position was "justified in substance or in the main," "justified to a degree that could satisfy a reasonable person," and, overall, had a "reasonable basis both in law and fact." Therefore, I decline to award plaintiffs attorney fees pursuant to 26 U.S.C. § 7430.

Finally, plaintiffs ask the Court to require the government to honor its promise to pay for expert witness Klingler's travel time and expenses for coming to Grand Rapids for deposition. This request was included in plaintiffs' original motion, but I failed to consider it separately in my earlier Opinion. The government agrees that it owes plaintiffs $1,412 in expenses in fees, but it disagrees that it should be held responsible for Mr. Klingler's charge of $2,730 for 13 hours of travel time between Phoenix and Grand Rapids.

Apparently, the parties did not reduce their agreement to writing, and plaintiffs do not appear to assert that the government explicitly agreed to pay Mr. Klingler his ordinary hourly rate for his travel time.

Therefore, I would ordinarily turn to the "common practice" in federal litigation: do lawyers who agree to pay "travel expenses" typically understand the phrase to include billing for travel time? And if so, is that billing rate typically a standard or a reduced rate?

Because neither party has submitted evidence on common practice, I am left without the information necessary to resolve this dispute. Therefore, the parties are advised that I believe that "standard practice" should govern their vague agreement regarding the $2,730, and I expect that they can work together to resolve the issue. If they cannot, they may bring the dispute to court in a separate motion, but I certainly hope it does not come to that. Regardless of the travel time issue, it is clear that, at minimum, the government owes plaintiffs $1,412. I am chagrined to learn that the government has not made payment on the undisputed amount yet, and it should be paid immediately.

### ORDER

In accordance with the Opinion entered on this date;

**IT IS HEREBY ORDERED** that plaintiffs' motion for reconsideration of their motion to recover reasonable litigation costs (dkt. # 101), dated December 7, 1993, is **DENIED.**

**IT IS FURTHER ORDERED** that the United States shall immediately forward $1,412 to plaintiffs' expert Kenneth Klingler, **or, alternatively,** forward $1,412 less the agreed upon amount for the government's expert witness to plaintiffs.