**In re Mario AMICI, Debtor.**

**Mario AMICI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 88–6465–9P7.
Adv. No. 92–831.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 14, 1995.

Francis H. Cobb, Tampa, FL, for plaintiff.

Philip A. Doyle, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

## ORDER ON MOTION FOR AWARD OF FEES AND COSTS FILED BY MARIO AMICI

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion For Award of Fees and Costs Filed by Mario Amici (Debtor) in connection with an adversary proceeding commenced by the Debtor against the United States of America (the United States). In his Motion, the Debtor contends that he is entitled pursuant to 26 U.S.C. Section 7430 to an award of the attorneys' fees and costs that he incurred in the litigation with the United States. The Debtor asserts that he is eligible for an award under Section 7430 because he was the "prevailing party" in the litigation and because the position of the United States in the proceeding was not "substantially justified" within the meaning of the statute. The Debtor also contends that he is entitled to an award of his fees and costs pursuant to Rule 9011 of the Bankruptcy Rules. According to the Debtor, certain papers signed and filed by the United States in this proceeding were neither well-grounded in fact nor warranted by existing law or a good faith argument for the modification or extension of existing law. Consequently, the Debtor asserts that it is appropriate to impose sanctions on the United States for its violation of Rule 9011, and that such sanctions should include an order for the United States to pay the Debtor's fees and costs. The Debtor claims that he has incurred fees and costs in this litigation in the amount of $43,326.20 through December 28, 1994.

In opposition, the United States contends that the Debtor is not entitled to an award under 26 U.S.C. Section 7430 because the position of the United States was substantial-ly justified, as reflected by the evidence presented at trial and the fact that this Court declined to grant the Debtor's Motion for Summary Judgment earlier in the proceedings. The United States also contends that the fees requested by the Debtor are excessive to the extent that they exceed the guidelines set forth in Section 7430. Finally, the United States asserts that it has not waived its sovereign immunity as to any award of punitive damages under Rule 9011; that it did not violate Rule 9011; and that the Debtor has not specified any particular statement in a document filed by the United States that was factually or legally unwarranted.

Both parties suggest that, absent express consent, this Court may not enter a final order under 26 U.S.C. Section 7430, but may only submit proposed findings of fact and conclusions of law to the District Court for *de novo* review and the entry of an appropriate order. *In re Brickell Investment Corp.*, 922 F.2d 696 (11th Cir.1991). Apart from the argument regarding the sovereign immunity of the United States, however, it is clear that this Court does have the authority to enter an order imposing sanctions under Rule 9011 of the Bankruptcy Rules.

The facts relevant to the resolution of this controversy as they appear in the record are as follows:

On October 30, 1992, the Debtor filed a Complaint to Determine Dischargeability of Debt and for Injunctive Relief against the United States. The Complaint relates to two separate claims asserted by the United States against the Debtor. First, the United States claimed that the Debtor was a "responsible person" of a corporation known as National Building Supply Co., Inc., as that term is used in Section 6672 of the Internal Revenue Code, and that the Debtor therefore was liable for the 100% penalty that it proposed to assess under that section for unpaid withholding taxes. Second, the United States claimed that the Debtor, as a general partner, was liable for certain penalties arising from the late filing of a tax return for a limited partnership known as 21st Street Limited Partnership. In his Complaint, the Debtor sought a determination of any tax liability owed to the United States as an

alleged "responsible person" under Section 6672, and also a determination that all pre-petition claims asserted by the United States are dischargeable.

The United States answered the Complaint on January 5, 1993, and denied the material allegations set forth therein. The United States also asserted various affirmative defenses to the Complaint, including the defense that an assessment under Section 6672 is not dischargeable.

On March 4, 1994, the Debtor filed a Motion for Summary Judgment directed only to the portion of the Complaint relating to the proposed "responsible person" assessment under Section 6672. The Court declined to grant the Motion following a duly scheduled hearing, and the case proceeded to trial on all Counts contained in the Complaint.

On November 25, 1994, this Court entered its Findings of Fact, Conclusions of Law and Memorandum Opinion in the adversary proceeding. Essentially, the Court concluded that the Debtor was not a "responsible person" within the meaning of Section 6672 and therefore was not liable for the 100% penalty under that Section. In reaching this conclusion, the Court found that "the Government failed to show by a preponderance of evidence, that the Debtor had any control" over the financial affairs of the corporation, and also that the Government "never established that the Debtor made or directly influenced any decision as to which National creditors were paid." As to the claim for penalties based upon the untimely partnership tax return, the Court found that the tax penalty was discharged because there was no underlying nondischargeable tax liability associated with the partnership return. The Court based this conclusion on Section 523(a)(7)(A) of the Bankruptcy Code, which provides that a tax penalty may be discharged unless it relates to a tax that is not dischargeable. On December 21, 1994, a Final Judgment was entered in favor of the Debtor and against the United States.

The United States filed an Appeal of the Final Judgment that was entered pursuant to the Findings of Fact and Conclusions of Law, and the record on appeal was transmitted to the District Court on January 3, 1995. It appears that the appeal remained pending in that Court at the time that the Debtor filed his Motion for Fees and Costs.

## I. 26 U.S.C. SECTION 7430

The Debtor contends that he is entitled to an award of his fees and costs pursuant to 26 U.S.C. Section 7430. Subsection (a) of that section provides that the "prevailing party" in any court proceeding brought by or against the United States in connection with the determination of any tax may be awarded a judgment or settlement for "reasonable litigation costs" incurred in connection with such court proceeding. Subsection (c)(1) defines "reasonable litigation costs" to include reasonable fees for the services of attorneys, "except that such fees shall not be in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate." Subsection (c)(4) defines "prevailing party" as the party to the proceeding (1) which establishes that the position of the United States in the proceeding was not substantially justified, and (2) which has substantially prevailed with respect either to the amount in controversy or to the most significant issue or set of issues presented.

It is undisputed that the Debtor substantially prevailed with respect to the amount or issues in controversy, so that this element of the "prevailing party" test is clearly satisfied. The dispute in this matter centers on whether the position of the United States in the proceeding was "substantially justified" within the meaning of the statute. The Debtor contends that the position of the United States was not substantially justified as to the claim under Section 6672, in that there was no evidence to support any finding that the Debtor was a responsible person with respect to payment of National's withholding taxes. The Debtor also contends that the position of the United States was not substantially justified as to the penalty for the partnership's late tax return because there is no statutory or legal basis which authorizes the collection of a tax penalty for

which there is no underlying nondischargeable tax.

The United States contends that its position with respect to the 100% penalty under Section 6672 was substantially justified and asserts that there was in fact significant evidence presented at trial as to whether the Debtor was a responsible person with the power to pay National's withholding taxes. The United States cites testimony of the Debtor, testimony of the Debtor's secretary, Christine Harvel, and testimony of National's general manager, Robert Burns, as well as a statement signed by the Debtor regarding his status with the company, and asserts that this evidence reasonably and sufficiently supported its position that the Debtor was a responsible person. The United States also contends that its position with respect to the penalty for the late partnership return was substantially justified because there are at least two alternative interpretations of Section 523(a)(7)(A), one of which favors the United States, and no definitive judicial authority exists which establishes a binding rule on the issue.

■■■ This Court is satisfied that the positions taken by the United States in this proceeding were substantially justified for purposes of 26 U.S.C. Section 7430. A position is "substantially justified" if it "could satisfy a reasonable person" or if it has a "reasonable basis both in law and fact." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir.1994) citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The government's position may be substantially justified even if the trial court ruled in favor of the taxpayer on the merits of the claim. *Wiertzema v. U.S.*, 747 F.Supp. 1363, 1366 (D.N.D.1989).

In this case, the evidence reflected that the Debtor's ties to National were somewhat extraordinary. The Debtor purchased the equipment necessary for National to operate its business, and leased it to National when it commenced its operations. The Debtor's secretary was the only named officer of National, and she prepared National's payroll on the Debtor's payroll system, and also performed other administrative duties for National. Some evidence appears in the record that the Debtor held himself out as the owner of National. National rented space in a building that was also occupied by the Debtor's company. The Debtor loaned National significant amounts of money in 1985. The Debtor initiated communication with the Internal Revenue Service, voluntarily provided the Service with information concerning National, and signed the Final Form 941 and other forms on National's behalf. The record also reflects other involvement by the Debtor in National's affairs, such as providing advice concerning the incorporation of National, the selection of its manager, and other business matters.

Given the above, this Court is satisfied that the position of the United States was "justified to a degree that could satisfy a reasonable person" that the Debtor exercised power or control over the financial affairs of National sufficient to render him a "responsible person" within the meaning of Section 6672 of the Internal Revenue Code. This is true even though this Court ultimately found that the United States did not carry its burden of proof at trial.

■■■ This Court is also satisfied that the position of the United States was substantially justified with respect to the penalty for the untimely partnership tax return. The issue regarding this claim involved the interpretation of Section 523(a)(7) of the Bankruptcy Code. That Section provides that tax penalties are discharged if they relate to a tax which is dischargeable. Extensive legislative history accompanies that section, however, and other courts have struggled to interpret the "triple negative" contained in the section. See *In re Burns*, 887 F.2d 1541, 1544 (11th Cir.1989) citing *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1987). Consequently, this court cannot conclude that the interpretation of Section 523(a)(7) offered by the United States was not substantially justified for purposes of 26 U.S.C. Section 7430. The Motion of the Debtor based upon 26 U.S.C. Section 7430 should therefore be denied.

## II. Rule 9011

■■■ The Debtor next contends that sanctions should be imposed upon the United

States under Rule 9011 of the Rules of Bankruptcy Procedure, and that such sanctions should include an order directing the United States to pay the fees and costs that the Debtor has incurred in this litigation. Rule 9011 provides that the signature of an attorney or party on a paper filed in a case constitutes a certificate that the attorney or party has read the document, that it is well grounded in fact and is warranted by existing law or a good faith argument for the extension of existing law, and that it is not interposed for any improper purpose. If a violation of this rule is found, the imposition of an appropriate sanction is mandatory.

The Debtor asserts that two documents were signed in this case in violation of Rule 9011: the Answer of the United States to the Complaint, and the Post-trial Brief filed by the United States setting forth its trial position. As to the Answer, the Debtor essentially complains that the United States claimed that it was "without knowledge" of certain allegations contained in the Complaint and that the United States did not amend its answer after the case progressed. As to the Post-trial Brief, the Debtor complains that the United States deliberately misinterpreted the ruling set forth in *In re Burns, supra*. The Debtor also complains that the United States omitted any discussion of certain factors considered to be "indicia of responsibility" under Section 6672, and misrepresented the evidence concerning other such factors.

■■■■ It is fundamental that, in order to find a violation of Rule 9011, a signed document must exist which contains a statement that is not well grounded in fact or warranted by existing law. See *In re Burt*, 179 B.R. 297 (Bankr.M.D.Fla.1995). In this case, the Court can find no specific statement in the Answer or Post-trial Brief of the United States that is factually unjustified in violation of the Rule. This Court is unwilling to determine that an Answer is not well grounded in fact within the meaning of the Rule simply because the Defendant responds that it is "without knowledge" of certain general allegations of the Complaint. Furthermore, in this case it should be noted that the United States subsequently responded factually to the Debtor's Request for Admissions and Interrogatories and also filed a List of Witnesses and Exhibits that it intended to use at trial. Consequently, this Court affords little weight to the Debtor's complaint that the United States proceeded to trial claiming "no knowledge" of the general allegations. The Court also is unwilling to find a violation of Rule 9011 based upon the United States' interpretation of *Burns* or its discussion of the evidence in its Post-trial Brief. It is obvious that there is no requirement that a party discuss *all* of the factors associated with Section 6672, so that the omission of certain of those factors in no way constitutes a violation of Rule 9011, provided only that the document is otherwise well grounded in fact and law. Further, having reviewed both the evidence in this case and the Eleventh Circuit's decision in *Burns*, the Court is satisfied that the position of the United States was offered in good faith. Accordingly, the Debtor's request for the imposition of sanctions under Rule 9011 should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Award of Fees and Costs filed by Mario Amici be, and the same is hereby, denied.

DONE AND ORDERED.